Per Curiam.

The first and principal question in this case is, whether the parties to this suit were copartners in the business to ' which the suit relates, so as to disable the plaintiff from suing the defendants at law. The referees have reported the proofs taken before them touching, the alleged partnership. The parol proof is so contradictory as to amount to nothing. There were repeated confessions of the plaintiff that went to prove, and repeated confessions of the defendants that went to disprove, a partnership. The written evidence is the best test of the sense of the parties, and from that it appeared that the defendants contracted with the turnpike company to make and complete the road therein specified, and that shortly thereafter, the defendants agreed to let the plaintiff have a share of the profits, if any, in making the road, in proportion to his help. This appears to have been only a mode paying the plaintiff for his help and labour. It is like the case of Hesketh v. Blanchard, (4 East, 144.) in which there was an agreement for so much of the profits as a compensation for trouble and credit; or like the case of Dry v. Boswell, (1 Campb. N. P. 329.) in which A. owning a lighter, employed B. to work it, and that the net profits should be divided; or like that of Wilkenson v. Frasier, (4 Esp. N. P. 182.) in which the wages of the sailors were to be paid out of the profits of the voyage, in proportion to the amount; and in neither of those cases were the parties regarded as partners in respect to each other, so as not to be able to sue in a court of law.
2. The second objection is, that the defendants were not liable to be sued jointly, as, by the agreement, one half of the plaintiff’s compensation was to be taken from Whitney’s part, and the other from Burritf s and Andrews’ part. But it was still a joint under *231 taking on the part of the defendants, and this latter part of the memoranthim was only a designated mode of distribution of the debt, as between ihe defendants. In Byers v. Doby, (1 H. Bl. 236.) two persons engaged to pay a third person equally, and this was held to be a joint undertaking in respect to the third person.
3. The sum obtained by the gratuitous subscription went to constitute the profits of which the plaintiff was to have a share, and the amount thereof was properly included by the referees in the liquidation of the accounts. As the plaintiff was to be paid for his help, there can be as little doubt that the boarding and lodging of the workmen was part of that help, and properly allowed.
4. The discharge of one of the defendants under the insolvent act was void for want of jurisdiction in the commissioner who granted it. The commissioner appears to have assumed the proceedings as they were left by the first judge, without any new petition, oath and notice. But the act of the 3d of April, 1811, made no provision for such a case, and the commissioner had no jurisdiction in the case, unless he commenced the proceedings de novo, or unless in one of the cases specified in -the 20th section of the act referred to, and this was not one of those cases.
The plaintiff is accordingly entitled to judgment against all the defendants, for 291 dollars and 35 cents, as reported, together with his costs to be taxed.
Judgment for the plaintiff.