CLARKSON *against* CARTER.

A dormant partner need not be named as plaintiff in assumpsit for goods sold, founded on a contract at the time of making which his interest was unknown to the defendant.
On releasing or selling his interest to his co-partner, he is a competent witness for the latter.
On a cash sale of goods, the vendee is not entitled to possession till he pays the price.
Rights of vendor and vendee in this respect considered, where earnest has or has not been paid.

ASSUMPSIT brought for a refusal by the defendant to receive and pay for 300 barrels of flour sold to him by the plaintiff. The cause was heard before three referees, *September 24th*, 1823, who reported for the plaintiff $512,29 damages.

It was proved before the referees that one *Blood*, a broker, on the 25th *October*, 1821, sold to the defendant, at *New-York*, 300 barrels of *Petersburgh* flour, for the account of the plaintiff, at $8 per barrel, of which he made a memorandum. The flour had not arrived at the time of the sale, but was daily expected. $8 was then the fair market price.

*Henry Ogden* was offered and admitted as a witness, on the part of the plaintiff. Being objected to on account of his interest, he stated upon his *voir dire*, that when the flour was sold, he was jointly interested with the plaintiff in it; but sold out to him before this suit was brought, and had no interest whatever at the time of the hearing. He testified that he was absent at the time of the sale; but, on his return called upon the defendant, and offered him the flour. The defendant at first declined receiving it; but afterwards said he would take it, and pay the price agreed on; and directed that it should be sent to his store. The flour was placed on the dock, and was ready to be delivered; and the defendant told the plaintiff to send it to his store, and he would give him his (the defendant's check) for the price; but the plaintiff refused to have it removed till paid for. Not being paid for, it was not delivered; and was afterwards sold by *Crassons*, another broker, for $6,50 per barrel; flour having declined to this price in the market. The report was for the difference between the price of the flour at $8, and $6,50, with the interest on that difference.

A motion was made to set aside the report.

*P. A. Jay*, for the plaintiff.

*C. W. Sandford & C. Livingston*, for the defendant.

*Curia, per* SAVAGE, Ch. J. There are two questions arising in this cause :

1. Was *Ogden* a competent witness; or ought he not to have been joined with the plaintiff ?

2. Was the plaintiff bound to deliver the flour before he was paid for it ?

*Ogden* seems to have been a dormant partner with the plaintiff; but that fact was not known by the defendant at the time of the sale by *Blood*, the broker ; and the rule is well settled, that a dormant partner need not be joined in an action on a contract with a defendant who did not deal with him or know him in the transaction. (1 *Chit. Pl.* 7, 8. 2 *Esp. Rep.* 468. 2 *Taunt.* 324, 326.) *Ogden* was a competent witness, having no interest, and not being a party to the suit.

The next question is whether the plaintiff was bound to deliver the flour, without first receiving pay for it. This was a cash sale. The delivery and payment should be simultaneous acts. A person's check is no more payment than his note. He may have no funds in the bank on which he draws ; or, if he has, the bank may be justified in withholding payment.

In *Langfort* v. *Tiler*, (1 *Salk.* 113,) the defendant bought 81 tubs of tea, paid for and took away one, and paid £50 earnest. *Holt*, Ch. J. ruled that notwithstanding the earnest, the money must be paid upon fetching away the goods, no other time for payment being appointed ; that a demand without payment is void ; and that after earnest, the vendor cannot sell the goods to another without default in the vendee ; and if the vendee does not come and pay and take away the goods, the vendor ought to go and request him ; and then if the vendee does not come in convenient time, and pay and take away the goods, the agreement is dissolved, and he is at liberty to sell them to any other person.

UTICA,
Aug. 1824.

In *Sands* v. *Taylor*, (5 *John. Rep.* 410, 11,) *Kent*, Ch. J. lays down a rule nearly similar, and adds, " It would be unreasonable to oblige him (the vendor) to let the article perish on his hands, and run the risk of the solvency of the buyer."

I am of opinion, therefore, that the motion must be denied, and that the plaintiff have judgment.

Motion denied.