JONATHAN BOARDMAN *vs.* ABNER KEELER & EBENEZER ALLEN. GRAND-ISLE, January, 1829.

An action of *Book-debt* will lie to recover the amount due for the freight of certain commodities shipped on board the plaintiff's vessel by the defendant, and transported to the place of destination—though the price of freight be agreed on.

If the owner of a vessel let her to another person, who is to have the sole charge and controul of her, and, by agreement, is to pay the owner one half of the net earnings, after deducting expenses of repairs—the owner cannot join in an action to recover for the freight afterwards earned by the vessel.

A dormant partner cannot join as a co-plaintiff in a suit brought to recover a debt due to the company.

The questions of law which the court were called upon to decide, in this case, arose upon the acceptance of an Auditor's report, in the County Court of this county, April Term, 1827:

The case shows that one *Elisha Boardman* of *South Hero* was the owner of a sloop or boat which navigated *Lake Champlain* ; and that *Jona. Boardman* was the master ; and, by the terms of the contract between the said *Elisha* and *Jonathan*, the latter was to have the entire controul of said boat, and was bound to account with the said *Elisha* for the one half of the net proceeds, after deducting expenses and repairs—That *Abner Keeler*, one of the defendants, is the owner of a farm in *South Hero*, which he rented to *Ebenezer Allen*, the other defendant, who obligated himself to deliver to *Keeler* one half of the products of the same ; that if any of the produce was taken to market, *Allen* was to make the sale, and account to *Keeler* for one half of the proceeds ; and neither had an exclusive right, until a division—That in the fall of 1825, twenty one hogs were fatted on the farm, and *Keeler* agreed with *Allen* to market the same in *Montreal*, and was to be allowed fifty cents per day by *Allen* for his time—That *Allen*, with the knowledge and consent of *Keeler*, applied to *Jona. Boardman* to freight the same to *St. Johns, L. C.* ; but had no authority from *Keeler* to make use of his name. It appears *Jona. Boardman* required $20 for running down a load, and could carry about forty. *Boardman* then informed *Allen* that in case he and *Keeler* should conclude to put their hogs into his boat, one *Fletcher* would furnish part of a load upon notice ; and requested *Allen* to notify him, which he did, and also notified *Keeler* of the plaintiff's terms.— *Keeler* and *Allen* put the twenty one hogs, together with nine others, the property of *Keeler*, on board ; *Fletcher* also sending eight other hogs on board. After sailing, plaintiff enquired of *Keeler*, who was in the boat, to whom the hogs belonged ? *Keeler's* reply was, that he had the charge of them ; (that is, the thirty ; *Fletcher* sending his own son with the eight,)—that the plaintiff had no knowledge to whom the hogs belonged, other than from the conversation with *Allen* and *Keeler* before stated.

I

GRAND-ISLE,
January,
1829.

Boardman
vs.
Keeler *et al.*

These are the only material facts in the case. *Jona. Board-man* brought his action of book debt for the freight against *Allen* and *Keeler* jointly. Many questions were raised and decided by the Auditor, which are not necessary to notice. He reported to the County Court a balance due from the defendants to the plaintiff, of $11,95 cents, for the freight of the 21 hogs.

To the acceptance of the report the defendants filed the following exceptions in substance :

1. The report ought to be rejected, because *Elisha Boardman* was not joined with the plaintiff in the action.

2. Because said *Fletcher* was not made a co-defendant with *Allen* and *Keeler ;* and

3. Because the plaintiff ought to have brought *assumpsit,* and not book debt.

The cause being submitted without argument, the opinion of the Court was delivered by

PADDOCK, J. It would be doing the plaintiff an injury, without benefitting the defendants, to turn him around to a new action, if book debt will lie in the present instance; and that it will, the Court have little doubt. There is frequently some difficulty in drawing the line where book debt shall end, and assumpsit commence ; but the Court think this case sufficiently marked as falling within that class of dealing between persons, which was intended by the Legislature, and policy dictates, to be charged on book, and recovered in an action of book debt.

There are no grounds for saying that *Fletcher* ought to have been joined with the defendants. There is neither community of interest, nor privity of contract, between *Fletcher* and the defendants, to be found in the case.

The objection that *Elisha Boardman* ought to have been joined with the plaintiff, deserves a more particular consideration.

It is said that those who share in the profit and loss of a particular business, the law will declare partners ; and if they do not participate in profit and loss, if they hold themselves out to the world as partners, they may be treated as such. As where one of the partners withdrew from the firm without giving notice, and the name of the firm was still preserved. *Parkin* vs. *Carruthers et al. 3. Esp. R.* 248. Or where a person acknowledged himself a partner, when in fact he was not ; yet the other thereby gained a verdict; as in *De Berkam* vs. *Smith* and *Lewis,* 1 *Esp. R.* 29. And if persons engaged in the same, or different pursuits, enter into such articles of agreement as constitute a partnership, though they intend no such thing, and are altogether unconscious that such will

GRAND-ISLE,
January.
1829.

Boardman
vs.
Keeler et al.

be the effect of their agreement, yet, third persons may treat them as partners. *Waugh* vs. *Carver et al.* 2. *H. Blk. R.* 235. *Gouthwaite* vs. *Duckworth et al.* 12 *East*, 420.—*Hesketh* vs. *Blanchard*, 4 *East*, 144.

According to the current of decisions, had *Jonathan Boardman* contracted a debt for repairs upon the boat, or for labourers to navigate it, *Elisha Boardman* would have been holden with him for the payment, upon its appearing that he was to share "half of the net earnings of the boat, after deducting expenses and repairs." Such was the decision of *Lord Ellenborough* in *Day* vs. *Boswell*, 1 *Camp.* 329. But had the contract between the *Boardmans* been, that for working the boat, *Jonathan* should receive half her *gross earnings*, and *Elisha*, as owner, should receive the other half, *Lord Ellenborough*, in the same case last cited, says, "that no partnership could exist : it would only be a mode of paying the one wages who did the labour." The same was held by *Lord Alvanley* in *Wilkinson* vs. *Frasier*, 4 *Esp. N. P. Ca.* 182 ; and also in *Muzzy* vs. *Whitney et al.* 10 *Johns.* 226. Had *Jonathan* and *Elisha Boardman* brought their joint action against *Keeler* and *Allen*, what would have been the effect ? The law will not suffer a dormant partner to join as plaintiff in an action ; for by bringing his name upon the record, when it was not known in the contract, it might prejudice the defendant's set-off. Therefore, in the case of *Lloyd* vs. *Archbowle*, 2. *Taunt.* 325, *Ch. J. Mansfield* says, "a person, with whom you have had no privity of communication in your contract, shall not sue you." The same question being presented in that case, that is raised in the one now at bar, it was decided that a dormant partner could not join in the suit. But there is a distinction where partners are defendants ; it is then at the election of the plaintiff to join a dormant partner as defendant in the suit, or not, as his interest may dictate. If a dormant partner of the defendant can be discovered, he can be compelled to pay, because, he participated in the profits of the contract ; but he cannot claim to be joined, nor the active partner for him ; having hid him in his contract, he can only be drawn forth by the plaintiff.

The court are satisfied that the suit is well brought ; therefore,

The Judgment of the County Court is affirmed.

*C. Adams* and *Perigo*, for plaintiff.

*Allen, Swift* and *Smith*, for defendants.