## MONROE v. EZZELL.

1. An ostensible partner may maintain an action in his own name, without joining a dormant partner, although the latter was known to the defendant when the debt was contracted, and actually sold him the goods, for the

price of which the action is brought : COLLIER, C. J. was, however, of o-pinion, that a partner who made himself known to the defendant at the time the debt was contracted, was not dormant as it respected the defendant, and should have joined in the action against him.

Writ of Error to the County Court of Sumter.

THIS was an action of assumpsit, at the suit of the plaintiff in error, which was tried by a jury, and a verdict and judgment rendered for the defendant. The plaintiff excepted to the charge given to the jury, and the facts, so far as material to be stated, may be thus condensed. The defendant and Isham Dansby agreed jointly to contribute the sum of four hundred dollars to purchase a tract of land, which was accordingly purchased by the defendant, and his individual note given for the purchase money. Afterwards the defendant called upon Dansby for his proportion, who replied that he had not the money, but that the plaintiff and himself wore in partnership, and thereupon agreed to pay him $200 in goods, the joint property of the concern. Dansby sold and delivered all the goods to the defendant, amounting to the sum of $260. The first intimation the plaintiff had of the agreement between the defendant and Dansby was, when he presented the account for payment the defendant informed him of it ; to which the plaintiff replied that Dansby had no right to make such an agreement, and he would hold the defendant liable for the goods ; Dansby was a dormant partner of plaintiff—his name being concealed from the world because of his embarrassment, The court charged the jury that if Dansby was a dormant partner, and the defendant was informed of the existence of the partnership by him before the purchase of the goods, then the plaintiff could not recover in this action ; but the action should have been brought in the name of the plaintiff and Dansby.

R. H. SMITH, for the plaintiff in error, cited Story on Part. 351, and note ; 2 Kent's Com. 31, and note ; 1 C. & P. Rep. 89 ; 2 M. & S. Rep. 23 ; 2 Taunt. Rep. 324 ; 1 Port. Rep.

Monroe v. Ezzell.

232; 9 Id. 209; 2 Ala. Rep. 502; 3 Id. 175, 733; 7 Id. 569.

W. M. MURPHY and A. R. GATES for the defendant, admitted the general rule, that a dormant partner need not be joined with an ostensible partner in a suit upon a liability to the firm, but contended that the rule did not apply, where, as in this case, the dormant partner was known to be such when the goods were purchased. They cited 4 Chit. Plead. 12; 3 Ala. Rep. 733.

COLLIER, C. J.—It is stated as a general rule that in suits at law which concern a partnership, all the parties should join, but this rule undergoes or may undergo an exception in cases of dormant partners; for it is at the option of the plaintiffs in such cases, either to join the dormant partner or omit him. [Story on Part. 350-1.] Another learned author, in his treatise on the law of Partnership, says it is not necessary that a dormant partner should join with the ostensible partners of a firm, in an action against a person who dealt only with the ostensible partners. [Collyer 393-4; see also 2 Taunt. Rep. 324; 1 Esp. Rep. 468, 1 Chit. Plead. 12; Gow on Part. 128, 3d ed.; 10 B. & Cres. Rep. 671; 2 C. & Jerv. Rep. 133; 2 H. & Gill Rep. 159; 3 Cow. Rep. 84; 4 Id. 717; 3 Greenl. Rep. 409; 8 Sergt. & R. Rep. 55; 4 Wend. Rep. 628; 19 Id. 525; 2 Verm. Rep. 65; 5 Id. 116; 7 Id. 123; 9 Id. 407.]

In Lord v. Baldwin, 6 Pick. Rep. 348, the court said that an action may be maintained by the ostensible partners without joining a dormant partner, against a person who dealt only with the ostensible partners; and it is intimated that a dormant partner is one whose connection with the firm was unknown when the transaction took place, that if he was made known as a party to it, he would not be regarded as a secret partner. [See 5 Mason's Rep. 176.] In Shropshire v. Shepperd, 3 Ala. Reg. 733, we say " that it has been repeatedly held that it is not necessary a *dormant partner* should join with an ostensible partner in an action against a person who dealt only with the latter; and it was added, that there was no evidence in the record that the defendant pur-

chased tfie goods (to recover the price of which this action was brought,) of the supposed dormant partner, as a tradesman carrying on a business in which he was interested, no such intendment could be made. It was held that the circuit court properly refused to charge the jury that he should have been joined as a plaintiff in tho action.

The cases cited, intimate in no equivocal terms that the defendant's right of set-off cannot be materially affected, whether the suit is brought in the name of the partner only, who holds himself out to the world, or he joins with him a secret partner. [C. & P. Rep. 220 ; 4 B. & A. Rep. 437 ; 10 B. & C. 671.]

In my opinion the reason a dormant partner need not be made a party in an action for goods sold or other liability, is, because the contract is made with the ostensible party, and to him the promise inures. The ostensible partner stands in a different position from a mere agent without interest, who perhaps cannot sue upon a verbal promise—the right of action vesting in his principal as the legal beneficiary. But if the ostensible partner only, be known in the contract, he may sue alone, or the legal interest of the dormant partner will authorize a suit in their joint names. If however both the dormant and ostensible partners make themselves known, and become actors in making a contract, then they both become ostensible in respect to the party contracted with, and with no propriety of language can it be said that either of them, in such case, is a secret partner. Then the duty growing out of the contract inures to each—both are alike active, and all rights and obligations vest in, or devolve upon them united. But if this reasoning was less convincing to my mind than it is, I should long hesitate, before I would depart from even an arbitrary rule, sanctioned by the concurrence of all text-writers, and the uncontradicted *dicta*, at least, contained in many adjudged cases.

A majority of the court, however, consider the rule that a dormant partner is not compelled to join as a plaintiff, does not rest either on the fact that the person trading with the partnership has no knowledge that another is connected with the firm, or that he actually deals with the dormant partner,

knowing the existence of the firm. If the rule was subject to variation on these grounds, it would certainly vary in its application, and the propriety of the suit would depend not on the fact that there was a dormant partner, but on other circumstances which might be concealed or disclosed at pleasure. In their judgment the rule is correctly stated in the citations from 1st Espinasse's Reports. The opinion of my brethren controls, or rather overbalances mine; consequently the judgment of the county court is reversed, and the cause remanded.