One Vosburgh was an agent of Wilber Son for the purchase of hops; he was agent of the firm only, not for this defendant severally. Waive any question of the statute of frauds for this purpose, and assume that he purchased of the plaintiff as agent of the defendant the hops in question; that such purchase was made expressly for the defendant, as thus stated by Vosburgh, although he had *Page 272 
no authority so to purchase, is the defendant severally liable for such a purchase?
I know of no principle upon which such an action can be maintained. The whole case is, that a person has assumed to act for another and incurs an obligation against him without authority, and we are asked whether such an obligation is valid. The plain answer seems to be, that the alleged principal never personally made such a contract, and the assumed agent never had any authority to make it. Hence, none was made by the defendant.
But it is claimed that this action lies against defendant alone, upon the ground that a "representation made by a general agent is just as binding on the defendant as if made by himself." True, where he is acting within the line of his agency; but that assumes that Vosburgh was the general agent of the defendant, which is not true.
If he were the general agent of defendant, of course he had the right to make this contract for him; but he was the general agent of the firm and not of the defendant, individually, at all.
The assumption being wholly unfounded, the whole inference founded thereon fails.
Vosburgh had no real authority from the defendant; none is pretended; and he was clothed with no apparent authority from him individually.
An individual and a firm liability are very different things. They may be different to the creditor as well as to the firm; one may be solvent and the other not.
The counsel cites many cases to sustain the decision of the trial judge, but they are all cases of dormant partners, who confessedly need not be sued, if the plaintiff did not know of the existence of the dormant partner. Such are the cases in 19 Wend., 25; 3 Cow., 84; 4 Wend., 628; 30 N.Y., 374; 1 Bos., 36. So, if a party purchase for himself, without disclosing that he had a partner, and the vendor was ignorant thereof, the action may be brought against the party alone who made the contract. *Page 273 
So an agent can bind himself by not disclosing his agency, but he cannot bind a party for whom he is not an agent, no matter how much he assumes. He cannot create an agency by representations.
This action would undoubtedly lie if it could be established that the agent of a firm to buy hops was therefore and thereby the agent of an individual member of that firm, authorized to buy for him and to make him individually liable therefor. But that position the plaintiff's counsel has not attempted to establish. He cites no authority to that effect and takes no such position.
He simply argues upon the assumption that Vosburgh was the agent of this defendant, and as such authorized to bind him as far as he could bind himself.
The court must have acted upon that principle in its charge, that if the plaintiff did not know that Vosburgh was acting for the firm, but was informed that he acted for the defendant, that then the defendant was liable severally.
This cannot be maintained. No amount of representations can create an agency. Any person may bind himself as he pleases. But to be bound by the act of another, that other must have real or apparent authority to do the act.
In this case, the assumed agent had neither.
This defendant set up in his answer that his son was a necessary party, but the plaintiff refused to amend.
The judgment should be reversed, new trial granted, costs to abide the event.
All concur.
Judgment reversed. *Page 274