## P. J. BOWLIN *vs.* HEKLA FIRE INSURANCE COMPANY.

### February 21, 1887.

**Fire Insurance—Power of Local Agent to Waive Notice and Proof of Loss.**—Where a policy of insurance contained a provision that, when a loss occurred under it, "the assured should forthwith give notice in writing of said loss to the company, and within thirty days thereafter render a particular account, and proof thereof," which was made a part of the contract, a local agent who is simply authorized to fix rates of insurance, and countersign and deliver policies, subject to the approval of the company, has no authority to waive such provision of the policy.

Appeal by defendant from a judgment of the district court for Carlton county, where the action was tried by *Stearns,* J., and a jury.

*J. W. Lusk,* for appellant.

*Hawkins & Oldenberg* and *White & Reynolds,* for respondent.

VANDERBURGH, J. The policy of insurance sued on contains a provision that, when a loss occurs under it, the assured "shall forthwith give notice in writing of said loss to the company, and within thirty days thereafter render a particular account by separate items, and proof thereof, signed and sworn to by the assured," as therein specially set forth. This is one of the provisions which are expressly made part of the contract, to be resorted to in order to determine the rights and obligations of the parties. It is also provided that pay-

v.36M—28

ment of a loss shall be made within "sixty days after the proofs of the same required by the company shall have been made by the assured, and received at the *home* office, and the loss shall have been ascertained and proved in accordance with the terms and provisions of this policy," unless the property be replaced, or the company shall give notice of its intention to rebuild, etc.; and compliance with these provisions is made essential to a right of recovery under the contract.

. The several provisions above referred to must be read together, and it is manifest that compliance therewith on the part of the assured as to time, as well as in other respects, is a necessary condition precedent to the right of recovery, unless a waiver on the part of the company is shown. *Smith* v. *Haverhill, etc., Ins. Co.*, 1 Allen, 297, (79 Am. Dec. 733;) *Home Ins. Co.* v. *Lindsey*, 26 Ohio St. 348; *Gies* v. *Bechtner*, 12 Minn. 183, (279;) 2 Wood, Fire Ins. § 438.

In the case at bar no notice of the loss is shown to have been given, nor was any proof of loss forwarded to the company, until long after the expiration of the time provided therefor by the policy. The plaintiff, however, relies upon an alleged waiver of the conditions and requirements of the policy.

The evidence to establish such waiver consists solely of certain alleged statements and assurances of the local agent who took the risk and through whom the policy was issued, made to the attorney of the plaintiff in conversations between them within the 30 days next succeeding the fire. The court below determined that the company was bound by the language and conduct of the local agent in the premises, and the jury found for the plaintiff.

The authority and duty of the local agent, as proved by the plaintiff himself on the trial, show very clearly, we think, that he was not a general agent of the company, and that his authority did not extend to the adjustment or settlement of losses, and that he had no power to bind the company as respects such proceedings under the policy. The proofs must necessarily be forwarded to the "home office," and delivering them to the local agent would not bind the company; and there is nothing in the policy, or in the evidence adduced by plaintiff, tending to show that he had any authority or responsibility, in respect to

any negotiations or transactions between the assured and the company, about the proof or settlement of the loss. The plaintiff's evidence shows, and there is no testimony inconsistent with it, that he had authority to issue policies and fix rates, subject to the approval of the company, and that his instructions were to have nothing to do with a loss except to report it. There is nothing to show that the plaintiff's agent understood the facts differently. What foundation is there, then, for any claim on his part that he was misled by the company, or that it had waived the stipulations in the policy? There is nothing in the evidence tending to prove that the company had .clothed the agent with apparent authority to act for them in the adjustment of losses, unless it could be inferred by the issuance of policies, and the fact that his duties are not expressly defined or limited therein. The mere assumption of authority by the agent, and reliance thereon by the plaintiff, will not strengthen the case, in the absence of evidence of authority conferred or recognized by the company. *Bush* v. *Westchester Fire Ins. Co.*, 63 N. Y. 531; *Marvin* v. *Wilber*, 52 N. Y. 270.

In *Underwood* v. *Farmers, etc., Ins. Co.*, 57 N. Y. 500, where the local agent was held to have bound the company by his language and conduct, it appeared that he had previously been allowed to adjust and pay losses without first consulting the company, and that he appeared to have acted for the company in reference to the particular loss, with its knowledge and sanction. The grounds upon which *Goodwin* v. *Massachusetts, etc., Ins. Co.*, 73 N. Y. 480, 492, is distinguished from *Bush* v. *Westchester Fire Ins. Co., supra,* show that these cases do not conflict.

It may, perhaps, be doubted whether it can reasonably be inferred from the evidence that the agent intended to speak in behalf of the company, or as their agent, in what transpired between him and the plaintiff; but, be that as it may, it is clear that the evidence of the latter affirmatively shows that the agent was not in fact authorized to act for the defendant in proceedings relating to the adjustment, and fails to disclose any act or conduct of the defendant from which such authority might reasonably be inferred by policy-holders. In the matter of the original contract, and while the property which

is the subject of it continues in existence, the local agent must be deemed to be possessed of certain incidental powers by virtue of which he may waive certain conditions in the policy. But when the subject of the risk is destroyed, and the assured asserts a claim against the company, the proceedings to establish and enforce such claim are not impliedly embraced within the scope of his agency. It is not to be presumed, in the absence of express authority, or conduct on the part of the company from which it may be implied, that the local agent is empowered to suggest a different mode of settlement, and bind the company to a different line of procedure, from that designated in the policy. *Lohnes* v. *Insurance Co.*, 121 Mass. 439; 2 Wood, Fire Ins. § 420; *Bush* v. *Westchester Fire Ins. Co., supra.* Of course, a different rule would prevail in the case of a general agent or others employed in the department of the company's business embracing the adjustment and settlement of losses.

2. The provisions of the insurance law of 1868, *c.* 22, were superseded by the act of 1872, *c.* 1, upon the same subject. The last-named act covers the same ground, and was intended to embrace all the provisions applicable to the subject. Section 8 of the last-named act defines who shall be deemed to be agents of insurance companies, and provides that nothing in the act "shall be construed to imply that an agent has any power to bind a company not expressly or by necessary implication given him by the company." The question here under consideration is not, therefore, affected by the statute.

Order reversed.