| 51 | 239 |
| 61 | 136 |
| 51 | 239 |
| 63 | 309 |
| 51 | 239 |
| 82 | 339 |

Max Shapiro *vs.* Western Home Insurance Company of Sioux City.

Argued by appellant, submitted on briefs by respondent, Oct. 20, 1892. Decided Nov. 4, 1892.

Fire Insurance—Proof of Loss—Conditions Precedent.

A stipulation in a policy of fire insurance that "in case of loss or damage by fire the assured shall, * * * within sixty days, render an account of the loss or damage signed and sworn to, stating," etc., *held* a condition precedent to the right of recovery, as well in respect to time as in other respects. *Bowlin* v. *Hekla Fire Ins. Co.*, 36 Minn. 433, *followed.*

Appeal by plaintiff, Max Shapiro, from a judgment of the District Court of Crow Wing County, *Holland*, J., entered September 5, 1891.

This action was brought by the plaintiff against the defendant, The Western Home Insurance Company, of Sioux City, Iowa, to recover the sum of $400 on a policy of fire insurance. The case was tried before the court without a jury in May, 1891, on the pleadings

and stipulated facts. The court made findings ordering judgment for the defendant, which was entered, and plaintiff appeals.

*Leon E. Lum,* for appellant.

*H. W. Chase,* for respondent.

GILFILLAN, C. J.    Action on a policy insuring one Ball against loss by fire on a dwelling house, "the loss, if any, payable to Max Shapiro, mortgagee, as his interest may appear." It was tried by the court below, and judgment rendered for defendant. The policy contained these provisions: The loss "to be due and payable at its office, in Sioux City, after satisfactory proofs of the same, as required hereinafter, shall have been made by the assured under the conditions and limitations of this policy, and received by the company." "In case of loss or damage by fire the assured shall,  *  *  *  within sixty days, render an account of the loss or damage, signed and sworn to, stating," etc.    "It is hereby covenanted and agreed, and it is a part of the consideration for this insurance, that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after all conditions, stipulations, requirements, and provisions of this policy have been complied with, and an award shall have been obtained by arbitration in the manner herein provided, nor unless commenced within six months next ensuing after the fire, exclusive of any time consumed in arbitration."

The only question we need decide is, was the requirement that the account should be rendered within sixty days a condition precedent to the right to recover?    The point is fully covered by the decision in *Bowlin* v. *Hekla Fire Ins. Co.,* 36 Minn. 433, (31 N. W. Rep. 859,) in which such a stipulation was held to be a condition precedent, as well in respect to time as in other respects.    That case was decided according to the great weight of authority.

See 2 Wood, Ins. § 437; 2 May, Ins. § 465; *Smith* v. *Haverhill M. F. Ins. Co.,* 1 Allen, 297; *Home Ins. Co.* v. *Lindsey,* 26 Ohio St. 348; *Underwood* v. *Farmers' Joint Stock Ins. Co.,* 57 N. Y. 500; *Blossom* v. *Lycoming Fire Ins. Co.,* 64 N. Y. 162; *Scammon* v. *Germania Ins. Co.,* 101 Ill. 621; *Hanna* v. *American Central Ins. Co.,*

36 Mo. App. 542; *Gale* v. *State Ins. Co.,* 33 Mo. App. 664; *Gould* v. *Dwelling House Ins. Co.,* 90 Mich. 302, (51 N. W. Rep. 455.) ·

There are some cases which, because of the presence in the policy of expressions not in this one, or of the absence of expressions that are in it, have held the contrary.   See *Tubbs* v. *Dwelling House Ins. Co.,* 84 Mich. 646, (48 N. W. Rep. 296;) *Hall* v. *Concordia Fire Ins. Co.,* 90 Mich. 403, (51 N. W. Rep. 525;) and *Kenton Insurance Co.* v. *Downs,* 90 Ky. ——, (13 S. W. Rep. 882.)   These can hardly be regarded as affecting the weight of authority.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 463.)