MAX SHAPIRO v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

| 61 | 135 |
|----|-----|
| 63 | 309 |
| 61 | 135 |
| 82 | 339 |

May 22, 1895.

Nos. 8886—(28).[2]

**Insurance—Proofs of Loss—Waiver by Local Agent.**

*Held*, in an action upon a fire insurance policy, that under the rules laid down in Bowlin v. Hekla F. Ins. Co., 36 Minn. 433, plaintiff could not recover.

Action in the district court for St. Louis county to recover $1,500 upon a policy of fire insurance.    The case was tried before Lewis, J., who directed a verdict in favor of defendant.    From an order denying a motion for a new trial plaintiff appealed.    Affirmed.

*John C. Hollembaek*, for appellant.

*Kueffner, Fauntleroy & Searles*, for respondent.

[1] Reported in 63 N. W. 614.          [2] October, 1894, term calendar.

COLLINS, J.[3]  It stands admitted in this case that plaintiff did not furnish proofs of loss to defendant insurance company within the 60 days prescribed in the policy, or otherwise.   To excuse this failure plaintiff offered to show that after the fire had occurred, and within 60 days, the local agents who had issued the policy, in response to plaintiff's requests for assistance in ascertaining and appraising the amount of loss, said to him that it was unnecessary for him to make out and tender formal proofs of loss, and that defendant company would send an adjuster who would adjust and settle the claim; that he relied upon these statements, neglected to make the proofs, and that after the expiration of the 60 days the company refused to receive or accept them.   The claim is made that under these circumstances the insurance company must be held to have waived proofs of loss, and to be estopped from asserting that it is not liable.   There is no substantial difference as to the stipulation that proofs of loss must be made within 60 days after loss has occurred between the policy now before us and those considered in Bowlin v. Hekla F. Ins. Co., 36 Minn. 433, 31 N. W. 859, and Shapiro v. Western Home Ins. Co., 51 Minn. 239, 53 N. W. 463, in which it was held that such a stipulation is a condition precedent as well in respect to time as in other respects.   This disposes of the contention that compliance with the stipulation was not a condition precedent to the right to recover.

The agents of defendant company by whom it is claimed the statements were made on which plaintiff relied as a waiver of the conditions were local agents, simply authorized to fix rates of insurance, and to countersign and deliver policies.   Whatever incidental powers they may have had in connection with the issuance and conditions of a policy, or while the property was in existence, is of no consequence.   It was well settled in Bowlin v. Hekla F. Ins. Co., supra, that when the subject of the risk is destroyed, and a claim of loss is asserted, the proceedings to establish and enforce such claim are not impliedly embraced within the scope of such an agency.   As it was impossible for plaintiff to recover upon the pleadings and proofs now before us, we need not consider the other assignments of error in detail.

Order affirmed.

[3] Start, C. J., took no part.

CANTY, J. (dissenting). I dissent. It is true that, to entitle the insured to recover, he must comply with the condition of the policy providing for proof of loss, or show that the condition has been waived. But it is held by the great weight of authority that an agent who is authorized to make contracts of insurance and issue policies has apparent authority to waive this condition after a loss. In Bowlin v. Hekla F. Ins. Co., 36 Minn. 433, 31 N. W. 859, the court relied on 2 Wood, Ins. § 420, and the two cases there cited. But the court seemed to overlook section 419, where the contrary doctrine is laid down, and supported by the citation of a multitude of authorities. In my opinion, Bowlin v. Hekla F. Ins. Co. should be overruled.