# STERLING STATE BANK v. VIRGINIA SURETY COMPANY.

173 N. W. (2d) 342.

December 19, 1969—No. 41753.

*Plunkett & Peterson* and *Richard H. Plunkett,* for appellant.
*George W. Delaney,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

MURPHY, JUSTICE.

This is an appeal from a judgment and from an order of the trial court denying plaintiff's motion for a new trial. The issues grow out of a claim by plaintiff, Sterling State Bank, against defendant, Virginia Surety Company, for recovery under a loss-payable clause of a theft insurance policy covering a stolen truck. Plaintiff contends that the trial court erred in granting judgment for defendant because of plaintiff's failure to render proof of loss within 60 days after the insured failed to do so, as required by the loss-payable clause and other provisions of the policy.

From the record it appears that Melvin W. Semmann, a trucker, negotiated a loan from plaintiff bank on May 5, 1964, secured by a chattel mortgage on a 1959 GMC diesel tractor-truck, as well as other equipment. The mortgagee required insurance against loss by theft as well as other risks. Accordingly, the mortgagor applied for the required insurance from defendant company, and a policy was issued through the Peterson Agency of Blooming Prairie, Minnesota, effective until August 13, 1965. Although the mortgagor and an official of plaintiff bank testified that they never received a copy of the policy, it is not disputed that the policy was issued and that the bank received a copy of the loss-payable clause endorsement.

In June 1965, the mortgagor was in financial difficulties and attempted to sell the tractor-truck to one Michael Higgins. To facilitate the sale, Semmann permitted Higgins to test-drive the vehicle on business trips. The mortgagor's financial condition continued to deteriorate, and, on July 12, 1965, he filed a bankruptcy petition. Semmann informed Higgins that it would be necessary for the truck to be in his possession by the time of the final bankruptcy hearing scheduled for July 29, 1965. However, between July 24 and 29, 1965, Higgins misappropriated the truck, and it has never been recovered despite efforts of local, state, and Federal authorities.

It appears that Semmann informed the bank of the disappearance of the truck in the latter part of July 1965. Neither Semmann nor the bank informed defendant insurance company of the loss until July 1966. As a result of the alleged failure of the mortgagor and mortgagee to effectuate proper notice of loss and proof of loss, as required by the policy provisions and the loss-payable endorsement, defendant denied claim for payment.

The following are relevant portions of the insurance policy issued by defendant company:

"Coverage G—Theft (Broad Form): To pay for loss of or

damage to the automobile, hereinafter called loss, caused by theft, larceny, robbery or pilferage.

\* \* \* \* \*

"CONDITIONS

\* \* \* \* \*

"12. Named Insured's Duties When Loss Occurs—Coverages D, E, F, G, H, I and J: When loss occurs, the named insured shall:

\* \* \* \* \*

"(b) give notice thereof as soon as practicable to the company or any of its authorized agents and also, in the event of theft, larceny, robbery or pilferage, to the police but shall not, except at his own cost, offer or pay any reward for recovery of the automobile;

"(c) file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the named insured setting forth the interest of the named insured and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefor, and the description and amounts of all other insurance covering such property.

\* \* \* \* \*

"16. Payment for Loss; Action Against Company—Coverages D, E, F, G, H, I and J: Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy."

The loss-payable clause included these provisions:

"Loss or damage, if any, under the policy shall be payable as interest may appear to

Sterling State Bank

Austin, Minnesota

and this insurance as to the interest of the * * * Mortgagee * * * shall not be invalidated by any act or neglect of the * * * Mortgagor * * *.

* * * * *

"If the insured fails to render proof of loss within the time granted in the policy conditions, such Lienholder shall do so within sixty days thereafter, in form and manner as provided by the policy, and further, shall be subject to the provisions of the policy relating to appraisal and time of payment and of bringing suit."

The trial court found that the insured tractor was not in the possession of Higgins on a sale, lease, or bailment basis, but that Higgins took the vehicle "intentionally and without claim of right and without the consent of [the owner] and with the intent to permanently deprive [the owner] of the possession of the * * * truck within the coverage described" in the policy. The court specifically found:

"That Plaintiff had actual notice of the taking and disappearance of said Diesel Tractor-Truck during July, 1965; that Plaintiff first notified Defendant in April, 1966, that it was making a claim with respect to the disappearance of the truck, which occurred in July, 1965."

The court further found:

"That Plaintiff did not render proof of loss within 60 days after the insured failed to do so as required by the Loss Payable Clause * * * and Defendant has been prejudiced by such default."

In support of its contention that the trial court erred in determining that failure to furnish proof of loss defeated its claim, plaintiff relies on authorities to the effect that such failure does not bar recovery but merely postpones the claim of the insured or his representative until such time as proof of loss is furnished.

Cash v. Concordia Fire Ins. Co. 111 Minn. 162, 126 N. W. 524. In addition, plaintiff contends that the failure or neglect of an insured mortgagor to furnish notice and proof of loss does not bar the right of the mortgagee for whose benefit, in part at least, the insurance appears to have been carried. H. F. Shepherdson Co. v. Central Fire Ins. Co. 220 Minn. 401, 19 N. W. (2d) 772; 44 Am. Jur. (2d) Insurance, § 1478. Plaintiff further contends that defendant company did, in fact, receive notice. Finally, it submits that no prejudice has accrued to the defendant as a result of the failure of mortgagee to furnish proof of loss.

A discussion of the legal points involved must be prefaced with the observation that the facts presented do not entitle plaintiff mortgagee to the benefit of those authorities which hold that where delay in giving notice is due to lack of knowledge of the existence of the policy or lack of knowledge of loss, the forfeiture of its rights will not occur. Annotations, 24 A. L. R. (3d) 1007, 1019; 66 A. L. R. (2d) 1280, 1288. It might also be observed that the record discloses no plausible reason for the failure of plaintiff mortgagee to notify defendant insurance company of the loss, as provided by the loss-payable clause and Condition 16 of the policy.

1. In considering the claims of plaintiff with reference to the policy provisions requiring notice and proof of loss, it may be observed that courts are more concerned with the fact of notification than with the manner of notification and, to that end, policy provisions are liberally construed in favor of the insured. We take it that the purpose of the notice of loss is to acquaint the insurer with the occurrence of the loss, while the requirement of proof of loss gives to the insurer the necessary data to determine liability. Substantial compliance with such provisions suffices. 5 Appleman, Insurance Law and Practice, § 3531.

2. Like other provisions of an insurance contract, the requirements of notice and proof of loss should be construed liberally as against the insured and strictly as against the insurance

company "so as not to defeat without a plain necessity [the owner's] claim for the indemnity which, in the making of the insurance contract, it was his object to secure." Struble v. Occidental Life Ins. Co. 265 Minn. 26, 35, 120 N. W. (2d) 609, 616; Benson v. Continental Cas. Co. 275 Minn. 544, 146 N. W. (2d) 358; 9B Dunnell, Dig. (3 ed.) § 4659. Where, however, provisions of the policy are clear and unambiguous, they should be given a literal interpretation. Courts may not rewrite the insurance contract of the parties. Williams v. Union Central Life Ins. Co. 291 U. S. 170, 54 S. Ct. 348, 78 L. ed. 711; Gorr v. Consolidated Foods Corp. 253 Minn. 375, 91 N. W. (2d) 772; Benson v. Continental Cas. Co. *supra*; 9B Dunnell, Dig. (3 ed.) § 4659.

3. The requirement that the insured provide notice of loss and proof of loss is a commonly recognized and accepted part of an insuring agreement. 14 Couch, Insurance (2d) §§ 49:371 and 49:373. It is only reasonable to require that the insurer be given an opportunity for prompt investigation so as to protect itself against fraudulent or exorbitant claims and, while the matter is fresh in the minds of all, to appraise and determine a disposition by way of settlement or defense. Mason v. St. Paul Fire & Marine Ins. Co. 82 Minn. 336, 85 N. W. 13. Nor is it unreasonable to require under a loss-payable clause that upon failure of the mortgagor to give such notice the creditor who has knowledge of the loss is required to do so.

4. There is a sharp disagreement between the parties here as to the significance of compliance with the time provisions for proof of loss. Plaintiff refers to Mason v. St. Paul Fire & Marine Ins. Co. *supra,* and Cash v. Concordia Fire Ins. Co. *supra,* for the proposition that the time within which such proofs must be furnished is not of the essence of the contract, and a failure to furnish them within such time does not invalidate the policy. This rule should at once be qualified by noting that where the giving of notice of loss or the furnishing of proof of loss is a condition precedent of liability under the insurance contract, as it is in the case before us, the rule does not apply and noncompli-

ance with that provision is fatal to recovery. Mason v. St. Paul Fire & Marine Ins. Co. *supra*; Bowlin v. Hekla Fire Ins. Co. 36 Minn. 433, 31 N. W. 859; Shapiro v. Western Home Ins. Co. 51 Minn. 239, 53 N. W. 463; Shapiro v. St. Paul Fire & Marine Ins. Co. 61 Minn. 135, 63 N. W. 614; Ermentrout v. Girard Fire & Marine Ins. Co. 63 Minn. 305, 65 N. W. 635. See, 5 Appleman, Insurance Law and Practice, § 3504.

We think the trial court correctly applied the law to the facts in holding that the breach barred plaintiff's claim. The undertakings of the insurance company with plaintiff mortgagee are expressed in the loss-payable clause, which provides that upon failure of the insured to render proof of loss within the time provided by the policy the mortgagee is required to do so within 60 days thereafter. We find no ambiguity in the policy provisions, contained in Condition 16 and in the loss-payable clause, which require proof of loss as a condition precedent to recovery under the insuring agreement. H. F. Shepherdson Co. v. Central Fire Ins. Co. *supra,* upon which plaintiff relies, may be distinguished from the case before us by noting that the provisions of the policy there construed did not place upon the mortgagee the obligation of furnishing proof of loss.

5. Nor do we feel that plaintiff can derive comfort from those authorities which hold that the breach of a condition precedent in regard to proof of loss will not result in a forfeiture of the mortgagee's rights unless the insurer has been prejudiced by the delay. Here, the trial court has expressly found that defendant insurance company was prejudiced by the breach. It is not disputed that the truck was lost and that defendant insurance company had no reasonable opportunity to protect its interests by whatever means it may have had at its disposal. Vance, Insurance (3 ed.) § 161; Joyce v. United Ins. Co. of America, 202 Cal. App. (2d) 654, 21 Cal. Rptr. 361; Gamble-Skogmo, Inc. v. St. Paul Mercury Ind. Co. 242 Minn. 91, 64 N. W. (2d) 380; Farrell v. Nebraska Ind. Co. 183 Minn. 65, 235 N. W. 612; St.

Paul Fire & Marine Ins. Co. v. Wabash Fire & Cas. Ins. Co. (D. Minn.) 264 F. Supp. 637.

6. There is no merit to plaintiff's contention that the receipt by defendant's local agent of a notice to creditors in the insured's bankruptcy proceedings constitutes notice to the insurer. The notice on which plaintiff relies was sent by the bankruptcy court to the insurance agent for the purpose of giving him an opportunity to take appropriate action to protect his interests as a creditor by filing a claim in the bankruptcy proceedings for whatever insurance premiums might be due him from the insured bankrupt. We are provided with no authority which would remotely suggest that such a notice would constitute proof of an existing liability or claim under the terms of an insurance contract.

Affirmed.