Loren McCULLOUGH, d.b.a. Magic Dragon Restaurant, Appellant,

v.

The TRAVELERS COMPANIES, Respondent.

No. C9–87–909.

Court of Appeals of Minnesota.

Nov. 17, 1987.
Review Granted Jan. 28, 1988.

Kenneth F. Johannson, Mark E. O'Boyle, Dickel, Johannson, Taylor, Rust & Schmitz, Crookston, for appellant.

Charles J. Noel, Ian C. Ritts, Hanson, Noel & Lulic, Minneapolis, for respondent.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

Appellant Loren McCullough sued respondent The Travelers Companies to recover damages under a fire insurance policy issued pursuant to Minn.Stat. § 65A.01 (1986). Travelers moved for summary judgment because McCullough brought suit before undergoing an examination under oath as required by the statute. The trial court granted Travelers' motion and entered judgment against McCullough. We affirm.

## FACTS

A gas explosion and fire occurred at McCullough's restaurant on July 22, 1984. Prior to the fire, Travelers issued to McCullough a Minnesota Standard Fire Insurance Policy, which stated in accordance with the following statute that:

The insured, as often as may be reasonably required, shall exhibit to any person designated by this company all that remains of any property herein described, and, after being informed of the right to counsel and that any answers may be used against the insured in later civil or criminal proceedings, the insured shall, within a reasonable period after demand by this company, submit to examinations under oath by any person named by this company, and subscribe the oath. The insured, as often as may be reasonably required, shall produce for examination all records and documents reasonably related to the loss, or certified copies thereof if originals are lost, at a reasonable time and place designated by this company or its representatives, and shall permit extracts and copies thereof to be made.

\* \* \* \* \* \*

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within two years after inception of the loss.

Minn.Stat. § 65A.01, subd. 3 (1986).

The relevant facts are established by correspondence between the parties' attorneys:

December 7, 1984—Travelers asks to examine McCullough on December 19.

December 20, 1984—Travelers confirms that McCullough's attorney had a conflict, and agrees to conduct the examination in mid to late January, 1985.

February 7, 1985—McCullough, in a complaint dated January 16, sues on the policy.

March 19, 1985—Travelers answers, asserting failure to be examined as a defense.

March 25, 1985—McCullough's attorney informs Travelers that McCullough "is now available for a deposition, for an examination under oath or for any other discovery \* \* \*."

During this time state and local officials investigated the cause of the fire. Suspicion of arson fell on McCullough's girlfriend, an employee of the restaurant. McCullough's attorney believed that the authorities also suspected McCullough. McCullough's attorney reported in the March 25 letter that he "didn't think it would be appropriate for Mr. McCullough to be submitting to an examination under oath until the criminal prosecution was completed."

## ISSUE

Is McCullough's failure to be examined a breach of a condition precedent to the right of recovery?

## ANALYSIS

The Minnesota Standard Fire Insurance Policy is set out in Minn.Stat. § 65A.01 (1986). Standard fire insurance policies in Minnesota, though dictated by statute, must be construed by the same rules as similar contracts voluntarily entered into. *O'Donnell v. Continental Casualty Co.,* 263 Minn. 326, 333, 116 N.W.2d 680, 684

(1962); *Kollitz v. Equitable Mutual Fire Insurance Co.*, 92 Minn. 234, 236, 99 N.W. 892, 893 (1904). The construction and effect of a contract are legal questions to be decided by the court. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn. 1979). The language in a contract is to be given its plain and ordinary meaning. *Id.* at 67.

The supreme court has applied the following rule of construction with respect to the statutory provision dealing with proof of loss:

> [T]he time within which [notice and proof of loss] must be furnished is not of the essence of the contract, and a failure to furnish them within such time does not invalidate the policy. This rule should at once be qualified by noting that where the giving of notice of loss or the furnishing of proof of loss is a condition precedent of liability under the insurance contract * * * the rule does not apply and noncompliance with that provision is fatal to recovery.

*Sterling State Bank v. Virginia Surety Co.*, 285 Minn. 348, 354–55, 173 N.W.2d 342, 346 (1969).

Applying these principles to this case, this court believes that the examination clause, like the notice and proof of loss provision, is a condition precedent to a right of recovery against the insurer. It is established that McCullough sued before allowing himself to be examined under oath as requested by Travelers. There is no assertion that Travelers ever waived the right to examine McCullough.

## DECISION

By offering no reasonable explanation for his failure to be examined, and by suing Travelers before the examination, McCullough has breached a condition precedent to liability, and cannot recover on the policy.

Affirmed.