**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
Appellant,

v.

**METROPOLITAN UROLOGY CLINIC,**
**P.A., Respondent.**

No. C5–95–824.

Court of Appeals of Minnesota.

Sept. 19, 1995.

Joseph F. Lulic, Norman M. Abramson, Hanson, Lulic & Krall, Minneapolis, for appellant.

Earl H. Cohen, Sholly A. Blustin, Mansfield & Tanick, P.A., Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and AMUNDSON and THOREEN,[*] JJ.

## OPINION

HUSPENI, Judge.

When respondent insured's no-deductible medical malpractice policy with appellant insurer expired, it was replaced by a $5,000 deductible policy. After respondent made a claim, appellant sued respondent for the amount of the deductible, alleging that the deductible policy was in effect when appellant first received adequate notice of respondent's claim. Respondent moved successfully for summary judgment on the grounds that the no-deductible policy was in effect when notice of the claim was given. Because we hold that if the notice first provided to appellant (during the no-deductible policy term) was defective, appellant had an obligation to investigate the potential claim or to notify respondent of the defect, we affirm.

## FACTS

Prior to October 30, 1988, respondent Metropolitan Urology Clinic (Metropolitan) had a no-deductible policy in effect with appellant St. Paul Fire and Marine Insurance Co. (St. Paul); after that date, Metropolitan's policy had a $5,000 deductible provision. Both policies provided:

**Someone is Injured or Something Happens Which Can Result in a Liability Claim.**

If an accident or incident occurs that may involve this policy, you or any other protected person involved must: * * *

Tell us or our agent what happened as soon as possible. Do this even though no claim has been made but you or another protected person is aware of having done something that may later result in a claim. This notice should include:

* The time and place of the event;

* The protected person involved;

* The specific nature of the incident including the type of claim that may result; and

* The names and addresses of any witnesses and injured people.

* * *

**When you're covered.**

To be covered the professional service must have been performed (or should have been performed) after your retroactive date that applies. The claims must also first be made while this agreement is in effect.

**When is a claim made?**

A claim is made on the date you first report an incident or injury to us or our

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

agent. You must include the following information

* Date, time and place of the incident.

* What happened and what professional service you performed.

* Type of claim you anticipate.

* Name and address of injured party.

* Name and address of any witness.

In September 1988, Metropolitan received a request for the records of a former patient who was experiencing kidney blockage as a result of surgery performed by Metropolitan in 1987. The physician involved directed Metropolitan's office manager to inform Metropolitan's agent at St. Paul that the records had been requested and that the former patient might bring an action. On September 14, 1988, the office manager phoned the agent and told him of the request for the records and the possibility of a forthcoming problem. The agent did not seek further information, either then or later. The office manager drafted an inter-office memo documenting the call.

The patient sued Metropolitan, which sought coverage from St. Paul. St. Paul brought this action against Metropolitan for the amount of the deductible. Both parties moved for summary judgment. In its memorandum, St. Paul asserted that, for purposes of its motion, "it is assumed that the [office manager's] call was made and that [the agent] was told that there may be a problem." The memorandum also made two other references to the call. On January 9, 1995, in its response to Metropolitan's motion for summary judgment, however, St. Paul argued that the call had never been made and submitted an affidavit from the agent stating that he did not recall receiving the call and that his files contained no record of it.

## ISSUES

1. Is there a fact issue as to whether Metropolitan's office manager called St. Paul's agent on September 14, 1988?

2. Assuming that the phone call was made, did it constitute sufficient notice under the terms of the policy?

## ANALYSIS

### Standard of Review

■ On appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

### 1. The alleged fact issue.

In its memorandum, the district court noted

the facts are without dispute that on September 14, 1988, [Metropolitan's] office manager, * * * notified [St. Paul's] agent * * * by telephone that 1) she had received the medical records request on or about September 14, 1988, 2) that she had or would send the records to [the former patient's] lawyers, 3) that she felt [St. Paul's] agent * * * should be notified, and 4) the name of the injured party and his history with the clinic.

Metropolitan supports its claim that the call was made with the deposition testimony of the physician, who testified that in September 1988 "the agent was informed that there was a possible problem regarding treatment at our clinic"; with the office manager's affidavit, which described in detail what was said and not said during the phone call and gave the office manager's practice in regard to such phone calls; and with a memorandum in which the office manager documented the phone call.

■ St. Paul first disputed the phone call on January 9, 1995, when it submitted an affidavit from its agent in response to Metropolitan's motion for summary judgment. In his affidavit, however, the agent does not assert that the call was not made; he merely says he cannot recall whether it was made. Metropolitan's office manager's affidavit, in contrast, asserts unequivocally that she made the call and describes its contents in detail. Moreover, her affidavit is corroborated by a contemporaneous memorandum of the call.

St. Paul now argues that its agent's affidavit creates a material fact dispute as to whether the office manager called him.

■ We cannot agree. A party opposing summary judgment must offer significant, probative evidence in opposition, not merely show that there is some metaphysical doubt as to a material fact. *Carlisle v. City of Minneapolis,* 437 N.W.2d 712, 715 (Minn. App.1989). St. Paul did not offer significant, probative evidence when it submitted the agent's affidavit of his inability to remember. The district court's finding that there was no genuine issue as to whether the phone call was made is correct as a matter of law.

## 2. Did the phone call constitute notice under the terms of the policy?

■ The phone call provided notice of the injured party's name and of the possibility of his bringing a malpractice action. It did not provide the injured party's address, the names and addresses of witnesses, or the date, time, and place of the incident. But, strict compliance is not required for notice provisions in insurance policies; substantial compliance is adequate. *See Sterling State Bank v. Virginia Sur. Co.,* 285 Minn. 348, 353, 173 N.W.2d 342, 346 (Minn.1969) (substantial compliance with requirements to provide notice of loss and proof of loss is sufficient); *see also Jostens, Inc. v. CNA Ins./Continental Casualty,* 403 N.W.2d 625, 629 (Minn.1987) (requirement of immediate notice should be construed strictly against the insurer and liberally against the insured; immediate notice need only be reasonably prompt under the circumstances), *overruled on other grounds by NSP v. Fidelity & Casualty Co.,* 523 N.W.2d 657, 664 (Minn. 1994).

The district court concluded as a matter of law that the office manager's phone call provided notice of the claim pursuant to the terms of the policy, reasoning that because St. Paul unquestionably received notice of the existence of a possible claim, it had an obligation to investigate further or at least to make Metropolitan aware of the defects in the notice. We agree with the reasoning of the district court. Further, the district court's decision is supported by a subsequent decision of the Minnesota Supreme Court. In *SCSC Corp. v. Allied Mutual Ins. Co.,* 533 N.W.2d 603 (Minn.1995), the supreme court held that partial or defective notice

> clearly gave [an insurer] sufficient information to conclude that [the insured] had presented a claim for arguable coverage under its policies with [the insurer.] At a minimum, this information required [the insurer] to investigate [the insured's] claims and to provide [the insured] with a coverage position.

*Id.* at 614.

This holding of *SCSC* has support in other jurisdictions. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Tinney,* 920 F.2d 861, 863 (11th Cir.1991) (defective notice of a claim did not defeat coverage; purpose of requiring certain information when a claim is made is to afford the insurer an opportunity to investigate; a phone call from the insurer would have obtained the missing information); *Federal Sav. & Loan Ins. Corp. v. Burdette,* 718 F.Supp. 649, 653–54 (E.D.Tenn.1989) (insurer cannot remain silent about defects when notice is received, then later claim the notice was insufficient; good faith required the insurer to notify the insured of its objections to the notice within a reasonable time).

## DECISION

Evidence opposing the fact that Metropolitan's office manager made a phone call to the St. Paul agent was not adequate to raise a genuine issue of material fact. The phone call provided adequate notice for St. Paul to investigate the claim further. Because the call was made while the no-deductible policy was in effect, Metropolitan's motion for summary judgment was properly granted.

**Affirmed.**