## Abraham Moyer v. Aaron L. Scott.

*Contracts for sale of lands: Possessory rights: Injuries to the freehold.* A contract purchaser of lands who has acquired no possessory rights cannot, at least before he has fulfilled all the conditions of his contract, and become absolutely entitled to a conveyance, maintain an action for injuries to the freehold; but such right of action belongs to the legal owner of the land.

*Deed: Relation: Transfer of right of action.* Where such contract purchaser has brought his action for a trespass upon the lands, a deed subsequently executed by his vendor upon an anticipated payment, cannot operate by way of relation to the date of the contract, so as to transfer to such purchaser, for the purpose of saving his suit, the right of action for such trespass which when the suit was brought belonged to the vendor.

*Heard October 6. Decided October 13.*

Error to Lapeer Circuit.

30 MICH.—44.

*W. W. Stickney* and *Gaskill & Geer*, for plaintiff in error.

*W. Hemingway* and *C. P. Thomas*, for defendant in error.

CAMPBELL, J.

Scott sued Moyer for the conversion of timber cut in 1870 on certain lands once owned by Henry H. Crapo, and contracted by him to be sold to one Kinsley S. Hunt. The contract to Hunt was made in 1863, and provided for the conveyance of the land upon the payment of certain installments of purchase money annually for ten years, the last being due September 14, 1873. In 1870, when the alleged trespass was committed, the ownership of this contract was in John P. Smith and John S. Fellows, and Moyer then held a mortgage on the equitable title under the assignment for two thousand dollars. Scott purchased the interest of Smith and Fellows on the 8th of December, 1870, and at the same time took an assignment of their right of action against Moyer. The action was brought on the 7th day of August, 1872. The declaration does not set forth the cause of action as having been assigned, but declares as for a conversion of Scott's own property.

Upon the trial Scott's interest was deduced through the assignment, and he was allowed to introduce a deed from Crapo's executor, dated and given in September, 1872, after the suit was commenced. This was allowed and introduced for the purpose of establishing a title to recover damages by giving to the deed (which was made in fulfillment of Crapo's contract) such effect by relation as to entitle the holders of the contract to the damages for the trespass, although until after the suit was commenced the title to the land had continued in Crapo's estate.

The contract given by Crapo was very carefully drawn, and contained no license or grant of possessory rights. It simply covenanted to convey by warranty deed upon the payment of the several installments, but subject to taxes,

which the purchaser was to look after. There was nothing in the case to show any possessory rights in the purchaser or his assigns, and it is not seriously disputed that when the suit was commenced the plaintiff had no cause of action, and without the deed from Crapo's estate could not have recovered, unless the contract gave such an ownership as carried an original right of action.

Whatever may be the rights of contract purchasers when they have fulfilled all the conditions, and become absolutely entitled to a conveyance, there is no foundation for the claim that they are the owners of the land before that time. Unless they have acquired possessory rights, the holder of the title must be the only person who can legally complain in a court of law of injuries to the freehold. There can be no double recovery for trespasses and spoliations, and until the contract is complied with, the land and timber belong in law to the legal owner. Our statutes allow purchasers from the United States to depend on their duplicate certificates in advance of patents, and also allow similar privileges to purchasers of state lands. They also, in certain cases, allow actions of waste in favor of execution purchasers.—*Comp. L.*, § *4658.* But the law is well settled that a purchaser from the United States who has lawfully obtained his certificate is the actual owner, and the United States retains no beneficial interest whatever.—*Carroll v. Safford, 3 How. R., 441.* The purchasers under our state land laws are expressly given possessory rights, and the right to vindicate the title and possession against all wrong-doers.— *Comp. L.*, §§ *3834, 3862.* The action by an execution purchaser is to protect a title which will become an absolute right unless redeemed, and the purchaser has done all he is required to do already. And when redeemed by creditors, his action is kept alive for their benefit.—*Comp. L.*, § *4659.* The fact that special provision is made for these cases, when in all of them there is either a right of possession or an express authority to prosecute, cannot be used to support an extension of similar privileges to persons who have

no possessory rights, and who claim under private contracts, which have not been changed in any of their incidents by statute. In *Druse v. Wheeler*, *22 Mich.*, *439*, and in previous decisions, the possessory right of purchasers under contracts such as that before us is denied.

If Scott had no right of action when his suit was commenced, it is difficult to see how he could be justified by matter *ex post facto*. If the land had been entirely paid for, or if the contract had been performed in full, a question might arise whether such a possessory right had not arisen that it needed no further aid from the holder of the legal title. And, in case that should be deemed essential, the question whether a deed to which the purchaser was at the time absolutely entitled might not, when subsequently executed, relate back to such time to uphold an action, would differ very much from the question presented here. In both of those cases, the purchaser is the only person who can be injured by the spoliation of the land. But in a case where the land is not paid for, and may never be, and where the purchaser can have no possession until payment is completed, it is obvious that the vendor has a valuable interest, and not a naked title, and that an injury to the freehold is a direct injury to him. Under the contract in the present case, there could have been no right to make complete payment and demand a deed, until September, 1873; and the deed actually made was not only after suit brought, but was given on an anticipated payment, which the executor was not bound to accept. The right of action belonged to Crapo's estate when the suit was brought. To hold that a subsequent conveyance of the land operated by relation as a transfer before suit to Scott, would be to recognize an effect which we have found no authority or reason to justify. It would be quite as reasonable to allow any plaintiff who sues in his own name for any cause of action which he does not own, to amend his case by subsequent purchase from the real owner of the claim. The cases cited on the argument maintain no such

principle, and it is opposed to all analogies and rules of legal proceedings, which almost without exception (if there is, indeed, any exception) fix the right of recovery by the date of suit brought.—*Burton v. Pond, 5 Day's Cases in Error, 160.* We have no statute, and we know of no practice, which would justify any other course; and neither equity nor convenience would be subserved by any other.

As this defect is fatal to the suit, there is no occasion to consider any of the remaining grounds of error.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.