## JULIA SCHREPFER v. ROCKFORD INSURANCE COMPANY.

July 14, 1899.

Nos. 11,698—(192).

| 77 | 291 |
|----|-----|
| 79 | 342 |
| 77 | 291 |
| d84 | 533 |

### Fire Insurance—Amount of Loss—Arbitration.

A policy of insurance against loss by fire originating from any cause except certain specified ones, provided that the loss should be payable within sixty days after the insured submitted proofs of loss. It also provided that in case of loss, and a failure of the parties to agree as to its amount, the amount of the same should be referred to and determined by three referees, to be chosen in a manner prescribed by the policy; also that such reference, unless waived by the parties, should be a condition precedent to any right of action to recover for the loss. A total loss having occurred, and the proofs of loss having been submitted, and the parties having failed to agree as to its amount, the insurer demanded a reference in accordance with the policy. The insured, acting in good faith, but under incorrect advice of counsel, refused to enter into a reference, and brought an action on the policy, which on the trial was dismissed on the ground that the reference was a condition precedent to a right of action. Thereafter the insured offered to submit the amount of the loss to a reference, but the insurer refused to do so, claiming that by her previous conduct the insured had lost all rights under the policy. The insured then brought this action to recover the loss. There was no evidence that the insurer had lost any legal right, or suffered any damage, by the refusal and subsequent delay of the insured to agree to submit the amount of the loss to a reference. *Held*:

### Excepted Causes—Pleading.

The plaintiff was not required to negative in her complaint losses from excepted causes.

### Election.

The doctrine of election between inconsistent rights or remedies is inapplicable. The plaintiff never had any election. Her conduct was a mere futile attempt to enforce a right or remedy which she did not possess. This did not prevent her from afterwards enforcing the rights or remedies which she in fact possessed.

### Waiver by Insured.

That her refusal at first to submit the amount of the loss to arbitration merely amounted to a waiver of her right to an appraisal, but did not extinguish her right to recover on the policy.

Waiver by Insurer.

> That the refusal of the insurer to submit to a reference upon the subsequent offer of the insured to do so was a waiver of its right to an appraisal, and thereupon the insured could maintain an action on the policy without any appraisal.

Payment of Loss.

> Under the terms of the policy the loss was not absolutely payable within 60 days after the submission of proofs of loss, but in case of a reference it would not be payable until the referees made their award, assuming that the assured was not at fault in delaying it.

Interest.

> That upon the facts of this case the insured was not entitled to interest on the amount of the loss until she offered to submit to a reference.

Action in the district court for Ramsey county to recover $1,300 on a policy of insurance. The case was tried before Bunn, J., who found in favor of plaintiff for $1,000; and from a judgment entered pursuant to the findings, defendant appealed. Modified.

*Robert A. Eaton*, for appellant.

*Charles H. Taylor*, for respondent.

MITCHELL, J.

This was an action upon a Minnesota standard policy of insurance against loss by fire "originating from any cause except invasion, foreign enemies, civil commotions, riots, or any military or usurped power whatever." The policy provided that:

"In case of loss * * *, and a failure of the parties to agree as to the amount of loss, * * * the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen. The award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of the loss or damage; and such referees [reference], unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss."

The facts material to this appeal are, briefly, these: The loss, which occurred December 21, 1897, was total, the property being entirely consumed. The parties being unable to agree as to the amount of the loss, the defendant demanded that this should be

submitted to referees, in accordance with provisions of the policy. The plaintiff, under the advice of counsel, refused to enter into a reference or arbitration, claiming that she was not required to do so, and soon after commenced an action on the policy. The trial, which occurred August 11, resulted in the court's dismissing the action on the ground that the reference provided for in the policy was a condition precedent to the right to an action to recover for the loss. About 10 days afterwards the plaintiff offered to the defendant to enter into an arbitration in accordance with the provision of the policy, but it then refused to do so, taking the ground that, on account of plaintiff's refusal to arbitrate when defendant demanded it, and her bringing an action without an arbitration, and her being defeated in that suit, she had no claim or cause of action against the company. Thereupon she brought this action. While the claim is made that the plaintiff's demand for arbitration—or, rather, her consent to arbitrate—was not made within a reasonable time, there was no evidence that the defendant had sustained any loss, or been deprived of any legal right, by the delay.

1. There is nothing in the point that the complaint is defective because it does not negative loss from excepted risks. The plaintiff was not required to do that.

2. Upon the main question in the case going to the merits, counsel for the defendant contends that, under the doctrine of election between inconsistent remedies, the plaintiff, having elected to stand on her right to recover without any appraisal, is bound by her election, and is now estopped to assert her right to recover on the ground that the defendant has waived an appraisal. The doctrine of election between inconsistent rights or remedies has no application. The plaintiff never had any election of rights or remedies. She had but one right or remedy. Her action was a mere futile attempt to assert a right which she never possessed, and in which she was defeated. This did not estop her from subsequently asserting the right and remedy which she in fact possessed. In re Van Norman, 41 Minn. 494, 43 N. W. 334.

The foundation proposition, however, of defendant's counsel is, in substance, that the insured, by her refusal, after loss, on demand of the insurer, to enter into arbitration to determine the amount

of the loss, loses absolutely and forever all right to recover on the policy, and that the insurer is thereby absolutely released from all liability. In this counsel is clearly in error. He fails, in our opinion, to distinguish between conditions the breach or nonperformance of which render the policy itself void and those which are merely conditions precedent to the right to bring an action on the policy. Most of the authorities cited by counsel are merely to the effect that an appraisal of the amount of the loss, if not waived, is a condition precedent to the right to bring an action to recover for the loss. Nobody disputes that proposition. A waiver of the right to an appraisal by either party to the contract releases the other from all obligation to enter into an appraisal. Doubtless the refusal of the plaintiff to enter into an arbitration on demand of the defendant amounted to a waiver on her part of the right of an appraisal, so that thereafter she would have no right to insist on defendant's submitting to an appraisal. On the other hand, the subsequent refusal of the defendant to enter into an arbitration when plaintiff offered to do so amounted to a waiver on its part of the right to an appraisal, so that, as the trial judge remarks, both parties stand, so far as the present question is concerned, precisely as if no provision for arbitration had been in the policy. This is as far as any of the authorities cited by counsel go.

An unjustifiable refusal by the insured to enter into an arbitration on demand by the insurer, when it proximately results in damage to the latter by depriving him of some legal right, may doubtless defeat all right of action on the policy. For example, suppose, in this case, the property covered by the policy had been merely injured, but not destroyed, and the policy had given the defendant the right to take the goods at their appraised valuation, but before her offer to submit to arbitration the plaintiff had disposed of the goods, thus depriving the defendant of a valuable right, it would probably be held that the offer came too late; and that plaintiff's original refusal to arbitrate, coupled with her subsequent act in disposing of the goods, defeated any right of action on the policy. Such was the case of Morley v. Liverpool, 85 Mich. 210, 48 N. W. 502, cited by counsel. But in the present case there was no evidence that the defendant has, by reason of the delay, been deprived of any legal

right, or suffered any damage; not even the loss of evidence. So far as appears, it is in just as good a position to defend itself as to the amount of the loss as it was the day it demanded an appraisement. It is not particularly the length of the delay, but the prejudicial consequence of it, that is material. If the good faith of the plaintiff in at first refusing to submit to arbitration is material, the evidence justified the finding of the trial court that she believed and relied on the advice of her counsel that the defendant was not entitled to demand an appraisal, because there had been no failure to agree as to the amount of the loss, within the meaning of the policy.

3. The loss occurred December 21, 1897. According to the terms of the policy, it was payable within sixty days after the insured submitted proofs of loss. Proofs of loss were submitted December 30, 1897. Defendant's demand for a reference to ascertain the amount of the loss (which plaintiff refused to enter into) was made January 17, 1898. Plaintiff's offer to enter into such a reference (which defendant declined) was made late in August, 1898, the exact day not appearing. The court awarded interest on the amount of the loss from December 21, 1897, the day the loss occurred. This is assigned as error.

If the policy had provided, as many policies do, that the loss should be payable within sixty days after the submission of proofs of loss and the loss ascertained by the arbitrators, there would have been no doubt but that interest would not begin to run until the referees made their award, assuming that the defendant was not in default in delaying the award. But this is necessarily implied by the terms of the arbitration clause. Under the policy, defendant was entitled, in case of disagreement of the parties, to have the amount of the loss determined by arbitration, before it was required to pay it. This was a condition precedent to any right of action on the policy. Until an award was made determining the amount of the loss, the defendant would not be guilty of any default in not paying. Until then the amount which it should pay could not be ascertained. Interest by way of damages is allowed only on account of some default. In this case the delay until the last of August was wholly the fault of the plaintiff. But when the

defendant refused the offer of the plaintiff on that date it thereby waived its right to an arbitration, and the amount due on the policy became payable immediately, and interest should be allowed from that date only.

Plaintiff's counsel urges, however, that this point was not raised in the trial court, that that court has never passed upon it, and therefore it cannot be raised in this court. It may be true in fact that the attention of the court was not specifically called to the question. But the record does not show it. It was one of the questions which the court had to pass upon, and it has done so. It is not the first time that a trial court has been reversed upon a point not directly called to his attention.

The cause is remanded, with directions to the court below to modify its conclusions of law so as to allow plaintiff interest only from August 31, 1898, and to order judgment for the plaintiff upon the findings of fact and conclusions of law as thus amended. Neither party shall be entitled to any statutory costs.