[No. 6358. Decided November 30, 1906.]

J. A. DAVIS, *Appellant*, v. PIONEER MUTUAL INSURANCE ASSOCIATION, *Respondent*.[1]

INSURANCE—LOSS BY FIRE—CONDITIONS OF POLICY—PROOFS OF LOSS—SUFFICIENCY. Where a policy of fire insurance limited the liability to three-fourths of the cash value of the property at the time of the loss, and provided, as a condition precedent to action, that the proofs of loss should state the actual cash value of the property at the time of the loss, proofs of loss, stating only the estimated cost value of the material at the time of the construction of the building, are insufficient to sustain an action, where the specific objection to the proofs was pointed out to the assured, who fully understood the same, and persisted in refusing to give the actual value, which had been overstated in his application for insurance.

Appeal from a judgment of the superior court for King county, Morris, J., entered December 9, 1905, granting a motion for nonsuit, in an action to recover upon a fire insurance policy, after a trial on the merits before a jury. Affirmed.

*J. H. Naylor* and *Cooley & Horan*, for appellant.

*H. T. Granger*, for respondent.

HADLEY, J.—By this action plaintiff seeks to recover upon a fire insurance policy. At the close of the testimony submitted by the plaintiff, the defendant moved for a nonsuit. The motion was granted and judgment was entered dismissing the action. The plaintiff has appealed.

[1]Reported in 87 Pac. 829.

The evidence discloses that appellant is an experienced fire insurance agent and solicitor. He has been engaged in that business much of the time since 1899, and for about one year was engaged in soliciting for the respondent association. He was familiar with respondent's methods of doing business, with its forms of written applications for insurance, and with the powers of its soliciting agents. He knew that the soliciting agents had no authority to issue insurance for any given amount, or to make contracts with respect thereto, but that their authority was limited to procuring the written applications, which consisted of blank forms furnished by respondent to be filled out and signed by the applicant. These were sent by the solicitors to the home office in Seattle, and upon the information contained in the applications the respondent issued or refused to issue insurance. Appellant had ceased to be a solicitor for respondent prior to the time his application was made for this insurance. The insured property was the dwelling house of appellant, but it was not completed at the time the application was made and when the policy was issued. The application stated that the value of the property insured was $2,300. The policy issued in pursuance of the application limited respondent's liability to an amount not exceeding $1,700, and furthermore provided that liability should not exceed three-fourths of the actual cash value of the property at the time any loss or damage should occur. The building was totally destroyed. The policy also provided that within sixty days after the fire, unless such time should be extended in writing by the association, the insured should render a statement to the association signed and sworn to by him, stating, among other things, the cash value of the property affected and the amount of loss thereon. The fire occurred January 27, 1904, and on February 19 following, appellant prepared, signed and swore to a statement which was forwarded to respondent. The statement contained, among other things, the following:

"That said dwelling was built in the year 1903 and three-fourths ($\frac{3}{4}$) of the estimated cost value of the material and

labor in the construction of said building, as made and fixed by the Pioneer Mutual Insurance Company, and affiant at the time insurance was placed thereon, was one thousand seven hundred ($1700) dollars, as shown in said policy No. 9422, and the same was a total loss by reason of said fire."

No other statement as to the value of the property or the loss was contained in the writing. Respondent objected to the above as not complying with the terms of the policy, since it did not purport to fix any actual value of the property at the time of the fire. Considerable correspondence and a number of conversations followed between appellant and the representatives of respondent, by which appellant was fully apprised of the nature of respondent's objection to his purported proof of loss. He insisted that no proof of value was necessary, and that he was entitled to recover the full amount of $1,700 mentioned in the policy, since there was a total loss, notwithstanding the terms of the policy limiting liability to three-fourths of the actual value at the time of the fire. He insisted upon his right to recover the full amount named in the policy under what is known as the "valued policy statute," but this respondent appears to be exempted therefrom by § 12, chapter 97, Laws 1903, p. 146. Appellant persisted in refusing to furnish additional proof of value until the 24th day of May, 1904, when he prepared and sent to respondent another statement which contained the following:

"That said dwelling was built in the year 1903, and that the cost of the material and labor in said dwelling was the full sum of one thousand nine hundred twenty-five and 92-100 ($1925.92) dollars."

It will be seen from the above that it did not state the value at the time of the fire as required by the policy, but refers to the cost at the time the house was built. It also disclosed that in his application he had overvalued the property by nearly $400, and upon the basis of such overvaluation respondent had issued its policy. Appellant admitted

in his testimony that, when he inserted $2,300 in the application as the value, he had in mind that he could not recover more than three-fourths of the value at the time of the loss, and that that was his reason for inserting said amount. The evidence shows that, if the actual value had been written in the application, the policy would have been written for a substantially less sum. It seems conclusive from the evidence that the persistent refusal to make proof of the actual value at the time of the loss was due to the fear that it would result in reducing the amount of recovery substantially below the amount stated in the policy. This seems to explain the delay, and shows that appellant, with his experience as an insurance man, had no reasonable excuse for not making the proof called for by his policy. He at no time made the proof required, and even if his last statement should be treated as proof, it was made long after the expiration of sixty days from the date of the fire. The provision as to time fixed by the policy was a reasonable one, and should have been met by appellant, unless he showed circumstances which in reason should have excused the delay. All the circumstances show that the delay was due to his wilful refusal to comply with the policy requirements, and with respondent's demand. The policy provides that no suit shall be maintained thereon until the insured has complied with its requirements. It therefore became a condition precedent to maintain the suit that the kind of proof called for should be made, and should be made within sixty days unless the time should be extended in writing by respondent, which was not done and was not requested. Appellant failed in both particulars, and he should not now be permitted to maintain his suit in plain violation of the terms of his policy. A different question might arise if an ordinary layman, unacquainted with insurance methods and who had in some manner been misled by the insurer, were seeking relief. We have seen that appellant is not such, and there was no effort made to mislead him. He assumed to take his own course with full knowledge of

what was demanded of him, and should not now be heard to complain.

We think the nonsuit was properly granted, and the judgment is affirmed.

. MOUNT, C. J., FULLERTON, RUDKIN, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.