[No. 6716.    Decided December 10, 1907.]

J. Ernest Davis *et al.*, *Respondents*, v. Northwestern Mutual Fire Association, *Appellant.*[1]

Insurance—Proofs of Loss—Necessity. It is a condition precedent to an action on a fire insurance policy that proofs of loss be furnished within the time required by the policy, where the insured was not misled in any way; and a statement by an agent that he was not in a position to arbitrate, and neither admitted nor denied anything, cannot be said to mislead the insured.

Appeal—Decision—Pleadings—Amendment on Reversal. In an action on an insurance policy, where it appeared that the proofs of loss were not furnished in time and that defendant relied upon such fact for a defense, and no evidence of any waiver was offered, an application by plaintiffs to amend their complaint to show a waiver, made upon reversal of a judgment in their favor, comes too late.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 30, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, in an action upon a policy of fire insurance. Reversed.

*Shank & Smith*, for appellant.

*Blaine, Tucker & Hyland*, for respondents.

Mount, J.—This action was brought by respondents to recover a loss upon a fire insurance policy issued by the appellant. The complaint alleges that on August 18, 1905, a policy of fire insurance was issued by appellant to the respondents, insuring a barn and contents against loss by fire

[1]Reported in 92 Pac. 881.

for a period of ninety days; that the amount of insurance upon the barn was $1,000, and upon the contents $1,700; that on September 30, 1905, the barn and contents burned and were a total loss, and that the reasonable value thereof was $5,440. The complaint further alleged that on February 8, 1906, proofs of loss were made. These proofs of loss were made a little more than four months after the fire occurred. No excuse for the delay is set out in the complaint. The complaint contains a copy of the policy, which provides that proofs of loss must be made to the company "within sixty days after the fire unless such time is extended in writing by this company," and also, "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing agreement or unless commenced within twelve months next after the fire."

The appellant, by answer, put in issue certain material allegations of the complaint and alleged two affirmative defenses: First, that in the written application made by respondents for the insurance they certified that the cost of the barn was $2,200, and that the cash value thereof at that time was $1,600; that appellant relied upon these statements when it issued the policy; that in truth and in fact the cost of the barn did not exceed $1,000, and the value thereof at the time of the application did not exceed that sum, and but for these false representations the policy would not have been issued. Second, that in making proofs of loss the respondents falsely made oath that the value of the barn at the time of the fire was $2,000; that this oath was made with intent to deceive and defraud the appellant. These allegations of the affirmative defenses were put in issue by reply. When the cause came on for trial, the defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled. After the jury had been impaneled, objection was made to the introduction of evidence upon the same ground. Again, at the close

of respondents' case and also after all the evidence had been submitted on both sides, motions were made by appellant for nonsuit, upon the ground that no proofs of loss were made within sixty days and no waiver or excuse proven therefor. All the objections and motions were denied by the court. The trial resulted in verdict and judgment in favor of the respondents for $2,150. The appeal is prosecuted from that judgment.

Several errors are assigned, but our conclusion upon the question of the failure to file proofs of loss within the time designated by the policy obviates the necessity of noticing other points. This question was presented to this court and decided in the case of *Davis v. Pioneer Mut. Ins. Ass'n*, 44 Wash. 532, 87 Pac. 829. We there said:

"The provision as to time fixed by the policy was a reasonable one, and should have been met by appellant, unless he showed circumstances which in reason should have excused the delay. All the circumstances show that the delay was due to his wilful refusal to comply with the policy requirements, and with respondent's demand. The policy provides that no suit shall be maintained thereon until the insured has complied with its requirements. It therefore became a condition precedent to maintain the suit that the kind of proof called for should be made, and should be made within sixty days unless the time should be extended in writing by respondent, which was not done and was not requested. Appellant failed in both particulars and he should not now be permitted to maintain his suit in plain violation of the terms of his policy."

The case of *Davis v. Pioneer Mut. Ins. Ass'n*, *supra*, was not decided when this case was on trial in the court below. Respondents upon this appeal seek to distinguish the *Davis* case from this one because the insured in that case was formerly an insurance agent, while in this case the insured were farmers. We there said:

"A different question might arise if an ordinary layman, unacquainted with insurance methods and who had in some manner been misled by the insurer, were seeking relief."

It is true that the insured in this case were farmers. But this fact alone is not sufficient to base a distinction upon. There is nothing in the record or evidence before us even tending to show that the respondents were misled in any way. On the other hand, one of the respondents testified that he went to the principal office of appellant in Seattle, on October 16 or 18, 1905, which was the month succeeding the fire, and was then told by an officer of the company: "I am not in a position. I will not arbitrate with you. I am not in a position. We neither admit nor deny anything," and he refused to discuss the matter of arbitration with the insured. This indicated very clearly that the appellant proposed to stand upon the terms of the policy and waive nothing. It cannot be said that appellant by this misled the respondents, and we think the rule must apply in this case.

Respondents further contend that the rule laid down in *Davis v. Pioneer Mut. Ins. Ass'n, supra,* is not in accord with the weight of authority upon the subject. We are therefore requested to overrule that case. It is true that the states of Michigan, Wisconsin, Kansas, Kentucky, Florida, Virginia, and possibly other states, have held that where the insured fails to furnish proofs of loss under policies similar to the one in this case within the time specified, he can still recover provided proofs were made before suit is brought, as shown by the following cases: *Steele v. German Ins. Co.,* 93 Mich. 81, 53 N. W. 514, 18 L. R. A. 85; *Flatley v. Phoenix Ins. Co.,* 95 Wis. 618, 70 N. Y. 828; *St. Paul Fire etc. Ins. Co. v. Owens,* 69 Kan. 602, 77 Pac. 544; *Gragg v. Home Ins. Co.,* 28 Ky. Law 988, 90 S. W. 1045; *Hartford Fire Ins. Co. v. Redding,* 47 Fla. 228, 37 South. 62, 110 Am. St. 118; *Northern Assur. Co. v. Hanna,* 60 Neb. 29, 82 N. W. 97; *North British etc. Ins. Co. v. Edmundson,* 104 Va. 486, 52 S. E. 350.

On the other hand, the states of New York, Ohio, Illinois, Minnesota, Maryland, Indiana, California, Missouri, Arkansas, and possibly other states, and some of the Federal courts,

have held to the rule followed by us in the case of *Davis v. Pioneer Mut. Ins. Ass'n, supra,* as shown by the following cases: *Quinlan v. Providence etc. Ins. Co.,* 133 N. Y. 356, 31 N. E. 31, 28 Am. St. 645; *Shapiro v. Western Home Ins. Co.,* 51 Minn. 239, 53 N. W. 463; *Farmers' Ins. Co. v. Frick,* 29 Ohio St. 466; *Scammon v. Germania Ins. Co.,* 101 Ill. 621; *Leftwich v. Royal Ins. Co.,* 91 Md. 596, 46 Atl. 1010; *Hanover Fire Ins. Co. v. Johnson,* 26 Ind. App. 122, 57 N. E. 277; *White v. Home Mut. Ins. Co.,* 128 Cal. 131, 60 Pac. 666; *Burnham v. Royal Ins. Co.,* 75 Mo. App. 394; *Teutonia Ins. Co. v. Johnson,* 72 Ark. 484, 82 S. W. 840; *Missouri Pac. R. Co. v. Western Assur. Co.,* 129 Fed. 610. We are satisfied with the reasons supporting the rule as stated in these cases last above cited, and therefore decline to reverse our holding in the *Davis* case.

Respondents request that, if we reverse the judgment on the ground that the proofs of loss were not filed in time, we give them an opportunity to amend by alleging waiver on the part of appellant. We think the request comes too late at this time, especially in view of the fact that respondents had an opportunity at the trial to prove a waiver if there was one, and submitted no evidence tending in the least to show a waiver, but on the contrary the evidence of the respondents, as hereinbefore stated, shows that there was no waiver, but that the appellant stood upon its strict rights under the contract, and in view of the further fact that the appellant contended from the beginning at every opportunity, that it was necessary to make the proofs of loss as provided in the policy, and that this was one of the defenses upon which it relied. Respondents therefore had ample notice of appellant's position. If evidence had been introduced sufficient to go to the jury upon the question of waiver, we should now consider the complaint amended in that respect. But it seems to us to be unfair to grant a new trial to respondents after they have had one trial in which all the facts might have been shown, and very

likely were shown, and in which trial the case might have been finally concluded, and now require the appellant, who has been successful on this appeal, to submit to another trial. This would permit respondents to try their case on one theory, and if not successful on that theory, to try it over on another theory. There must be an end of litigation somewhere. We must decline to permit an amendment at this time under these circumstances.

The judgment will therefore be reversed, and the cause ordered dismissed.

HADLEY, C. J., CROW, and ROOT, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.