[No. 12840. Department Two. February 29, 1916.]

O. A. KUCK, *Appellant*, v. CITIZENS' INSURANCE COMPANY, OF MISSOURI, *Respondent.*[1]

INSURANCE—FIRE POLICY—PROOFS OF LOSS—NECESSITY. The making of proofs of loss by fire within sixty days, as required by the Washington standard form of policy, is a condition precedent to action unless such failure is due to a misleading of the insured by officers of the company.

SAME—PROOFS OF LOSS—WAIVER. The requirement of proofs of loss within the time specified in the policy is not waived by the fact that an insurance agent and the adjuster investigated a fire loss in the absence of the insured and that the agent told the insured the adjuster would adjust the loss.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 16, 1914, in favor of the defendant, dismissing an action on a policy of fire insurance, tried to the court. Affirmed.

*Hibschman & Dill (C. H. White, of counsel)*, for appellant.

*McCarthy, Edge & Davis*, for respondent.

MAIN, J.—The purpose of this action was to recover upon an insurance policy for the damage or destruction of property by fire. The trial in the superior court resulted in a judgment of dismissal after the defendant, at the conclusion of the plaintiff's testimony, had interposed a motion for a directed verdict. From the judgment dismissing the action, the plaintiff appeals.

The facts are these: On May 9, 1913, the respondent, through Howard Patience, its agent at Wenatchee, Washington, issued to Charles F. McMullen, of Grant county, a policy of insurance covering a dwelling house, a pumping station, and pumping plant, the latter two being insured for $300 and $1,000, respectively. The property covered by the

[1]Reported in 155 Pac. 406.

insurance was located on a tract of land about eight miles from Ephrata.

On October 6, 1913, the pumping station and plant were destroyed by fire. The insured, by letter, notified the head office of the insurance company, which was located in the state of Missouri, of this fact. A few days thereafter Neil Stewart, an adjuster for the insurance company, together with Patience, went to the farm of the appellant and made an investigation of the loss. The appellant was not present when the investigation was made, though he had previously been notified of the approximate time when Stewart and Patience would be there.

The insurance policy was a Washington standard form of policy, and contained a provision that required the insured to make proof of loss "within sixty days after the fire unless the time is extended in writing by this company;" and also contained a provision that no suit or action on the policy could be maintained "until after full compliance by the insured with all of the foregoing requirements."

On October 31, 1913, McMullen assigned his claim against the insurance company to the appellant. Neither McMullen nor the appellant filed formal proofs of loss with the insurance company until after the sixty-day period fixed in the policy had expired. On December 9, 1913, Stewart, the agent of the company, denied liability.

Previous to the time the policy was issued, McMullen had given two deeds covering the property, one for forty acres to Ada Hogle, dated October 6, 1911; and another to Wells & Morris, of Wenatchee, dated July 25, 1912, for the remaining one hundred and twenty acres. The buildings and pumping plant were located on the latter tract. The deed to Wells & Morris was given as security. McMullen retained control over the land and had a contract back of purchase. At the time the insurance was written, the condition of the title to the property was not disclosed. McMullen testified

that, when the insurance was applied for, Patience asked him if the property belonged to him and was told that it did; but that he did not ask whether the property was in his name.

Stewart never at any time communicated with McMullen after he had inspected the property. There was no waiver in writing of the proofs of loss required by the policy; and nothing was ever said, either to McMullen or to the appellant, relative to waiving such proofs.

The controlling question is whether the insured's failure to present the proofs within the time specified in the policy was due to any misleading on the part of the insurance company. The rule is well settled in this state that the making of proof of loss as required by the policy is a condition precedent to the maintenance of an action, unless failure to present proofs is due to a misleading of the insured by the officers or agents of the insurance company. *Davis v. Pioneer Mut. Ins. Ass'n*, 44 Wash. 532, 87 Pac. 829; *Davis v. Northwestern Mut. Fire Ass'n*, 48 Wash. 50, 92 Pac. 881; *Seattle Merchants Ass'n v. Germania Fire Ins. Co.*, 64 Wash. 115, 116 Pac. 585. We find no evidence in the record in this case of any misleading. The fact that the adjuster investigated the loss a few days after it occurred, in the absence of McMullen, cannot be construed as a waiver of the express provision of the policy requiring proof of loss. It would seem that the purpose of this proof is to furnish a working basis upon which the loss can be adjusted.

It is true that, a few days after Patience and Stewart made the investigation, McMullen called upon Patience in Wenatchee and was there told by Patience that Stewart would adjust the loss. But there is nothing in this that could be construed as misleading, even though Patience had the power to speak for the company, which apparently he did not. Had the insurance company, within the sixty days, repudiated liability, and this fact had been communicated to the insured, a different question would be presented. *Thompson v. Germania Fire Ins. Co.*, 45 Wash. 482, 88 Pac. 941.

Upon the question as to whether the condition of the title to the property at the time the insurance was written and which was not disclosed, rendered the policy invalid, it is not necessary here to inquire, as the failure to furnish the proofs within the time specified is fatal to the maintenance of the action.

The judgment will be affirmed.

MORRIS, C. J., PARKER, BAUSMAN, and HOLCOMB, JJ., concur.