[No. 14960.  *En Banc.*  April 3, 1919.]

ROSA M. GOLDSTEIN *et al., Appellants,* v. NATIONAL FIRE INSURANCE COMPANY, *of Hartford, Connecticut, Respondent.*[1]

INSURANCE (144)—ADJUSTMENT OF LOSS—REFUSAL TO ARBITRATE. Where, in fact, there was only a partial loss by fire, the insured, claiming a total loss, cannot refuse to arbitrate under the valued policy law, Rem. Code, § 6059-105½, on the theory that whether the loss was total was a question of fact for the courts—and if he does so, it is at his peril.

SAME (157)—ACTIONS—CONDITIONS PRECEDENT. Provisions calling for the appraisement by arbitrators of property partially destroyed by fire, as a condition precedent to action, are upheld upon the grounds of public policy.

SAME (143, 158)—ADJUSTMENT—WAIVER OF CONDITIONS. The provisions for an appraisement of property partially destroyed by fire, in case the parties cannot agree, is not waived by preliminary negotiations looking to an amicable settlement, each party appointing a builder to make an estimate, where they were employed only in an advisory capacity as agents and not as appraisers.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered December 18, 1917, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

[1]Reported in 180 Pac. 409.

*J. W. Brooks* (*John C. Hurspool,* of counsel), for appellants.

*E. Eugene Davis* and *Timothy A. Paul,* for respondent.

CHADWICK, C. J.—Appellants brought this action to recover upon a fire insurance policy issued by the respondent company. The policy is in form what is called the "New York Standard Form," in our insurance code. It contained the usual covenants, stipulations, and conditions, among others, that the insured would in case of fire give immediate notice of any loss, followed by the usual stipulations with reference to time, inventories and care of the property pending a settlement, and,

"(90) In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire. . . .

"(96) This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by the appraisers when appraisal has been required. . . .

"(110) No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

We shall not discuss the giving of notice, being satisfied that the judgment of the court must be affirmed on other grounds.

Within a day or two after the fire, Henry Hall, an independent adjuster, but representing the respondent in this affair, went to Walla Walla to adjust the loss. The court found that the adjuster,

"interviewed plaintiffs Rosa M. Goldstein and M. Goldstein, her husband, and at said time advised said plaintiffs that he would procure a competent architect and contractor residing in Walla Walla, to estimate the amount of loss and damage to said building and ascertain the necessary cost of repairs thereto and at said time requested said plaintiffs to also procure some competent architect and builder to do the same on their behalf.

"That plaintiffs immediately thereupon procured one Nick Wierck, contractor and builder of Walla Walla, Washington, as contractor to figure said damage on their behalf and said Henry Hall procured one Charles Lambert to do so on his behalf.

"That said Charles Lambert thereafter estimated the amount of loss and the reasonable cost of repairs to said building to be $1,714.69, and furnished to said Henry Hall a detailed statement thereof, which said Henry Hall exhibited to plaintiffs.

"That said Nick Wierck, at or about the same time, furnished to plaintiffs, who exhibited and presented to the said Henry Hall, a statement in words and figures as follows, to wit:

" 'Letterhead.

"Mr. & Mrs. Goldstein,

"At your request I have examined your house at 125 East Chestnut St. which suffered a fire loss and

in figuring out damage find that I could build an entirely new house as cheap as to repair the damage so that I consider it a total loss.  Very truly yours,

"Nick Wierck.

"Plaintiffs' Exhibit "I"."

"That upon being presented with said statement by plaintiffs, said Henry Hall advised said plaintiffs that he could not utilize the same, but required a statement in more detail and one setting out the figures upon which said statement was based, and returned said statement to plaintiffs.

"That plaintiffs refused to furnish any further statement and the said Henry Hall thereupon demanded of the plaintiffs an appraisal of the loss or damage to said property, as provided for in the said insurance contract and whom the respective parties would designate as their respective appraisers, prepared a writing embodying the agreement of plaintiffs and defendant to submit the question of the amount of loss and damage to said building and the designation of the appraisers for said purpose and presented said writing to plaintiff, Rosa Goldstein, for her signature.  That plaintiffs thereupon advised said Henry Hall that before signing said writing they would consult their attorney, to which said Henry Hall acquiesced. Plaintiffs thereafter returned to said Henry Hall and advised him that their attorney, J. W. Brooks, had advised them not to sign said agreement and to enter into no further negotiations with the said Henry Hall regarding adjustment of their loss and that said attorney had advised them that they need do nothing further than collect the face of said policy and that plaintiffs thereupon refused to have with said Henry Hall any further negotiations in regard to the adjustment of said loss and refused to submit to an appraisal thereof, as demanded by said Henry Hall.

"That said Henry Hall thereupon advised plaintiffs that they would be required to comply with all the conditions of their policy and read to plaintiffs certain portions thereof, and advised plaintiffs that he would upon returning to Spokane, write to them ad-

vising them of the policy conditions with which they were expected to comply.

"That thereafter and on the 13th day of January, 1917, the said Henry Hall addressed and sent to Mrs. Rosa Goldstein at Walla Walla, Washington, a communication in words and figures as follows:

'Spokane, Washington, January 13th, 1917.

'Mrs. Rosa Goldstein, 226 West Main St., Walla Walla, Washington.

'Dear Madam: As we were unable to agree on the adjustment of your claim under National Fire Insurance Company of Hartford, Conn., Policy No. 48026, I beg to call your attention to the terms and conditions of the Policy contract, with which we expect you to comply, special reference is made to line of the policy conditions No. 71 to 81 inclusive, and No. 90 to 99 inclusive. Any communication relative to this loss may be addressed to the undersigned at 514 Mohawk Building, Spokane, Washington. Yours very truly,

'National Fire Insurance Company
            'By Henry Hall, Adjuster.'

and in reply thereto received from J. W. Brooks, attorney for said Mrs. Rosa Goldstein, a communication in words and figures as follows:

'Walla Walla, Washington, January 15th, 1917.

'Henry Hall, Adjuster, 514 Mohawk Building, Spokane, Wash.

'Dear Sir: In re: Insurance, Rosa Goldstein, you are respectfully referred to section 6059 No. 105½ volume three Remington and Ballinger's code.

                    'Yours truly,
'JB.MK                            J. W. Brooks.'

and to which the said Henry Hall replied as follows:

'Spokane, Washington, January 16th, 1917.

'Mr. J. W. Brooks, Attorney-at-Law, Walla Walla, Washington.

'Dear Sir: I beg to acknowledge receipt of your favor of the 15th inst. calling my attention in the insurance of Rosa Goldstein to section 6059 No. 105½ volume three Remington's and Ballinger's code.

'I have written the assured, calling her attention to

the terms and conditions of the policy, which we expect the assured to comply with. Yours very truly,

'National Fire Insurance Co.,

'By Henry Hall, Adjuster.'

"That no further communications or negotiations passed between the parties hereto until the commencement of the present action.

"That the failure of the parties to agree upon the amount of the loss, or to ascertain the amount of the loss according to the terms of the policy, was not due to any fault or misleading on the part of the defendant or the adjuster, Henry Hall."

The court had theretofore found that the building was not a total loss, that it was damaged to an amount not exceeding $1,714.69, which amount would pay the damages and replace the building so as to bring it to the same condition as it was before the fire, and that a reasonably prudent owner would, in rebuilding, utilize the portion of the building which was left standing; that is, "the outside walls, porches, front roof, the greater portion of the back roof, partitions, ceilings and floors."

Appellants present two questions: (1) Was there a total loss? (2) Did defendant waive an appraisement of the loss, if one was required?

Appellants plant their case squarely upon the insistence that the property was totally destroyed, and being so destroyed they are entitled to recover the amount named in the policy under the valued policy law (Rem. Code, § 6059-105½), which is as follows:

"Whenever any policy of insurance shall be hereafter written or renewed insuring real property or any building or structure erected thereon or connected therewith, and the property insured shall be wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of insurance written in such policy shall be taken conclusively to be the true value of the property when insured, and the true

amount of the loss and measure of damages when destroyed. In case there is a partial destruction of the property insured, no greater amount shall be collected than the injury sustained: Provided, that the insurer shall have the option to repair, rebuild or replace the property lost or damaged with other of like kind and quality if he gives notice of his intention so to do within twenty days after the receipt of notice of loss: Provided, such insurer shall, within thirty days from the receipt of notice above, commence such rebuilding or replacing and shall diligently prosecute the same to completion, and shall pay to the insured the reasonable rental value of the premises with the buildings thereon from the date of loss to the date of such completion.''

We have reviewed the testimony, and we are satisfied that the property was not wholly destroyed; while the loss was substantial, it was only partial. The finding of the court is abundantly sustained by the testimony. It was appellants' privilege to comply with the conditions of their policy or to stake their all upon a question of fact. They played and lost upon the issue tendered, and having lost, the statute bears them no comfort.

But appellants contend that the question whether the building was a total loss is one for judicial determination, and that the insured cannot be compelled to submit his right of recompense to the whims of a board of appraisers; that the insurance company has its protection in its reserved right to rebuild, and instead of paying the face of the policy, may put up a building to replace the one destroyed, or repair the building to its original condition, and that in any event they are entitled to recover under the statute for the partial loss.

Appellants' argument fails in this: That, if the issue of total loss be tendered, the company is not

bound to build or repair. The law puts no duty over and above its contract upon it; it has an option which it may or may not exercise. If the assured stands upon the statute and claims the amount of the policy without diminution, and the company prevails in its proofs and the court or jury finds that the loss was not total, it is entitled to go hence without meeting a partial loss unless the assured has acted upon and complied with the conditions of the policy. It may be sufficient to say that no partial loss was plead by appellants, but the same questions occurred in *Oppenheim v. Fireman's Fund Ins. Co.*, 119 Minn. 417, 138 N. W. 777, where a partial loss was plead. The text sustains the syllabus:

"If the actual loss is proved to be greater than the amount of the insurance, a reference to arbitrators is not a condition precedent to recovery, but if the actual loss is less than the amount of the insurance such reference is a condition precedent to recovery."

The provisions of a fire insurance policy requiring an appraisal are universally held to be valid and enforceable, and if the assured refuses to comply with a demand for appraisal, such refusal may be plead in bar of a recovery. *Davis v. Atlas Assurance Co.*, 16 Wash. 232, 47 Pac. 436, 885.

Provisions calling for appraisement of property partially destroyed by fire, and the denial of a right to maintain an action unless they are complied with, are upheld upon the grounds of sound public policy. They tend to fair dealing and to the prevention of litigation. In this case there was no appraisement, and appellants cannot recover, unless, as they now contend, an appraisement was waived.

We agree with the trial court that there was no waiver. For convenience, the adjuster procured the

services of a builder, who made an estimate of the loss. At his suggestion, appellants sought advice from a similar source. The men employed were not appraisers in any sense. They were not appointed for that purpose. They were agents acting in an advisory capacity to their principals, and no occasion arose for an appraisement until the parties, albeit they were acting under the advice of their agents, had disagreed. At this point, respondent demanded an appraisement and prepared a writing embodying the terms of an appraisement as outlined in the policy, which it submitted to appellants for their signatures. Appellants refused to sign the contract under advice of counsel who relied upon his belief that he could show a total loss and so recover under the valued policy clause.

That preliminary negotiations looking to an amicable settlement of a loss is not a waiver of the terms of a policy, and that an action cannot be maintained without strict compliance unless it appears that the assured was misled to his injury, in which event a waiver will be implied, has been frequently held by this court. *Davis v. Pioneer Mutual Ins. Ass'n*, 44 Wash. 532, 87 Pac. 829; *Elhart v. Pacific Mutual Life Ins. Co.*, 47 Wash. 659, 92 Pac. 419; *Davis v. Northwestern Mutual Fire Ass'n*, 48 Wash. 50, 92 Pac. 881; *Seattle Merchants Ass'n v. Germania Fire Ins. Co.*, 64 Wash. 115, 116 Pac. 585; *Kuck v. Citizens' Ins. Co.*, 90 Wash. 35, 155 Pac. 406. While these cases generally went to the question whether proof of loss had been made in the manner and within the time stipulated in the contract, the provisions covering an appraisal of the loss are governed by the same principles.

The judgment of the court below, now affirmed by us, works to a denial of that which appellants might have

had; but the fault is neither in the contract nor in the law, but in the misjudgment of the parties themselves. A recovery upon an insurance policy is based on the contract, and performance on the part of the one complaining is essential to his cause of action. The loss was not total. An appraisement was not waived by respondent.

The judgment is affirmed.

All concur.