[No. 18072.  Department One.  December 27, 1923.]

ARTHUR W. DAVIS *et al., Appellants,* v. SAINT PAUL FIRE & MARINE INSURANCE COMPANY, *Respondent.*[1]

INSURANCE (157)—ACTIONS—POLICY—COMPLIANCE WITH CONDITIONS—DILIGENCE.  There can be no recovery on a fire insurance policy requiring immediate notice of the loss, where the house was entirely destroyed June 16, 1921, and the assured gave no notice until February 8, 1922, when he first discovered the loss, and it appears that he did not exercise due diligence in discovering his loss.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered March 21, 1923, upon findings in favor of the defendant, in an action on a fire insurance policy, tried to the court.  Affirmed.

*Davis, Heil & Davis,* for appellants.

*Eugene Davis,* for respondent.

PER CURIAM.—The appellant, a resident of the city of Spokane, owned a house therein upon which he had a policy of fire insurance written by the respondent, the policy containing a provision that, if a fire occur, "immediate notice of any loss thereby in writing to this company" should be given, and that, "within sixty days after the fire," proof of loss should be filed, and a further provision "that no suit or action on this policy . . . shall be sustainable in any court . . . unless commenced within twelve months after the fire."  The house was entirely destroyed by fire June 16, 1921.  On February 8, 1922, the appellant gave notice to the respondent of the fire, and on March 4, 1922, made the proof of loss.  The appellant had not discovered that his house had been destroyed until February 4, 1922.

[1] Reported in 221 Pac. 593.

There is no necessity of entering into a discussion of whether the provisions of the policy to which reference has been made constitute such conditions precedent to a right of action as to make it necessary that they be strictly complied with, or whether excusable circumstances might exist which would give the assured a reasonable time after the discovery of the loss in which to perform the conditions, for the facts as found by the trial court show that the attempted compliance with the conditions did not take place within a reasonable time, and that, under all the circumstances, due diligence had not been exercised by the assured in discovering his loss.

For that reason the judgment is affirmed.