[No. 18097. Department One. January 4, 1924.]

RITZVILLE WAREHOUSE COMPANY, *Respondent,* v. WILLIAM F. DORGAN *et al., Appellants.*[1]

INSURANCE (131, 162)—NOTICE AND PROOF OF LOSS—ACTIONS—LIMITATIONS BY POLICY—TIME WITHIN WHICH ACTION MAY BE BROUGHT. An action on a fidelity bond or indemnity policy against loss through the dishonesty of an employee, cannot be sustained unless written claim of loss is made within three months after discovery, as required by the policy, in the absence of excusable delay or waiver.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered December 18, 1922, upon findings in favor of the plaintiff, in an action on a fidelity bond, tried to the court. Reversed.

*Adams & Miller,* for appellants.

*G. E. Lovell* and *C. W. Rathbun,* for respondent.

TOLMAN, J.—Respondent was the holder of a fidelity bond issued by the appellant surety company, insuring against pecuniary loss through the fraud, theft, embezzlement, or other like dishonest act of a certain named employee. Conceiving that such a loss had oc-

[1]Reported in 221 Pac. 986.

curred, it brought this action to recover $830, and from a judgment against the surety company in that amount, plus interest and costs, this appeal is prosecuted.

As we view the case, but one question requires discussion, and therefore only the facts necessary to an understanding of that question need be stated.

The policy requires, as a condition precedent to payment, that notice of loss be given the surety company at its home office in New York within ten days after its discovery, and that the claim for such loss, showing items and dates, shall be delivered to the surety company at its home office "within three months after such discovery." It is admitted, or at least not denied, that the managing officers of respondent, and all of them, knew of the payment of the money to their employee thought to be wrongful, as early as July 22, 1920, and perhaps earlier, and thereupon oral notice was given by the president of respondent to the local agents of the surety company and they were requested to, and did, send a written notice of the loss to the home office of the company. Although full details could have been readily and speedily learned thereafter, and although at least as early as October 12, 1920, respondent was in full possession of all of the facts and evidence regarding this matter, the itemized claim, which the contract provides shall be delivered at the home office of the company within three months from the time of discovery, was not mailed to the company until November 12, 1920.

The general rule as to compliance with the terms of a policy or bond is fairly stated in volume 5 of Joyce on Insurance, p. 5477 (2d ed.), which reads:

"When causes exist rendering impossible the giving of notice of an accident and injury within the time required by an insurance policy, notice may be given thereafter, and the beneficiary will be excused for

failure, if done within a reasonable time, or within the time stipulated after the cause preventing prior compliance ceases to exist."

This court has had frequent occasion to pass on like questions, and has held generally that a failure to give notice or make claim within the time fixed in the contract, unless excusable for good cause shown, will defeat an action thereon. *Deer Trail Consolidated Mining Co. v. Maryland Casualty Co.*, 36 Wash. 46, 78 Pac. 135, 67 L. R. A. 275; *Davis v. Northwestern Mutual Fire Ass'n*, 48 Wash. 50, 92 Pac. 881, 15 Ann. Cas. 333; *Seattle Merchants Ass'n v. Germania Fire Ins. Co.*, 64 Wash. 115, 116 Pac. 585; *Kuck v. Citizens' Ins. Co.*, 90 Wash. 35, 155 Pac. 406; *Davis v. St. Paul Fire & Marine Ins. Co.*, 127 Wash. 635, 221 Pac. 593. Indeed, no other rule has ever been laid down by this court, or even discussed, except in those cases where the question of waiver was raised, or an excuse for non-compliance was offered. Here there is no suggestion of a waiver and no attempt to offer an excuse. Under the long established and well settled rule, the judgment appealed from must be reversed, and the action ordered dismissed. It is so ordered.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.

## MODIFYING OPINION.

[Department One.   March 4, 1924.]

PER CURIAM.—This case was so presented that we overlooked the fact that the defendant William F. Dorgan was one of the parties to the appeal. What is said in the opinion clearly indicates that it was the intention of the court only to reverse the judgment as to the appellant American Surety Company and direct the dismissal of the action as to it. The previous order of the court will, therefore, be so modified as to provide

that the judgment as against defendant William F. Dorgan be affirmed, and that the judgment against the American Surety Company be reversed with directions to dismiss the action as to it.