### SCHWIER v. ATLAS ASSURANCE CO.

1. ACTION—RIGHT OF ACTION.

    A litigant may not sue first and obtain his right of action afterwards.

2. INSURANCE — ARBITRATION — RIGHT OF ACTION — DEFENSES — WAIVER.

    Where plaintiff by reason of his refusal to arbitrate his claim under an insurance policy had no cause of action at the time he commenced his action, and defendant pleaded said refusal as a defense, that plaintiff later offered to arbitrate and said offer was refused by defendant, *held*, not to operate as a waiver by defendant of its pleaded defense.

    BIRD, MOORE, and WIEST, JJ., dissenting.

Error to Wayne; Dunham (Major L.), J., presiding. Submitted January 30, 1924. (Docket No. 114.) Decided May 8, 1924.

Assumpsit by Henry F. Schwier against the Atlas Assurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Reversed.

On the question of bringing suit before award as revocation of submission to arbitration, see note in 31 L. R. A. (N. S.) 679.

*Max J. Kozlow*, for appellant.

*Arnold F. Zeleznik*, for appellee.

BIRD, J. (*dissenting*).    On the 10th day of March, 1922, defendant, for a consideration, insured plaintiff against loss by fire and theft on his five-passenger sedan, in the sum of $2,300.    At a later date the amount of the policy was reduced to $2,000.    On April 30, 1922, his car was stolen, and claim was made by plaintiff for the full amount of the policy.    The amount of the loss was discussed by the parties and defendant offered $1,350 in settlement of the claim. Plaintiff refused to accept this sum.    This was followed by a demand by defendant for an appraisal by arbitration, in accordance with the terms of the policy.    Plaintiff refused to join in this, on the advice of his attorney, because the loss was a total one, and later commenced this suit.    After the suit had been pending for a time plaintiff receded from his position and advised defendant he was ready to join in an arbitration, and appointed and tendered an arbitrator.    By this time defendant was in a different mood and it refused to join in the arbitration because plaintiff had theretofore refused to do so, and had commenced this suit.    After defendant's refusal plaintiff went forward with his suit, and the principal defense made was that plaintiff had refused arbitration, which, when demanded, was a condition precedent to bringing suit.    The trial court submitted to the jury the question whether defendant had waived its right to insist upon an appraisal by arbitration, and they found on that issue with plaintiff, and judgment passed for him.    Defendant is now in this court insisting on the same defense that it made in the circuit court.

1. The following provisions of the policy are material to the controversy:

"Appraisal.    In case the assured and this company

shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen (15) days to agree upon such umpire then, on request of the assured or this company, such umpire shall be selected by a judge of a court of record in the county and State in which the property insured was located at time of loss. The appraisers shall then appraise the loss and damage stating separately sound value and loss or damage to each item; and failing to agree, shall submit their differences only to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of sound value and loss or damage. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

"Suit Against Company. No suit or action on this policy for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements." * * *

When the parties were unable to agree on the value of the automobile, and defendant demanded an appraisal, and appointed and tendered an arbitrator, it was the duty of plaintiff, under the foregoing provisions, to appoint an arbitrator and join in the arbitration. When plaintiff refused to do this he waived any right he had to demand an arbitration. *Schrepfer* v. *Insurance Co.*, 77 Minn. 291 (79 N. W. 1005). Later, when plaintiff indicated to defendant that he was ready to join in the arbitration, and appointed and tendered an arbitrator, and defendant refused to join, it also waived its right to demand and have arbitration. Up to the time when defendant refused to join it had an absolute defense to plaintiff's suit. Had the suit come to trial before defendant refused to join, plaintiff's suit would have been abated. But when defendant refused to join, this defense was broken

down and plaintiff was entitled to proceed with his case because both had waived the right to demand arbitration. The mere fact that plaintiff had resorted to a remedy which could not be maintained did not furnish a valid excuse for defendant's refusal to join in the arbitration when tendered by plaintiff.

It was said in *Schrepfer* v. *Insurance Co., supra,* that:

"A waiver of the right to an appraisal by either party to the contract releases the other from all obligations to enter into an appraisal. Doubtless, the refusal of the plaintiff to enter into an arbitration on demand of the defendant amounted to a waiver on her part of the right of an appraisal, so that thereafter she would have no right to insist on defendant's submitting to an appraisal. On the other hand, the subsequent refusal of the defendant to enter into an arbitration when plaintiff offered to do so amounted to a waiver on its part of the right to an appraisal, so that, as the trial judge remarks, both parties stand, so far as the present question is concerned, precisely as if no provision for arbitration had been in the policy."

The only distinction there is between the facts of this case and the case of *Schrepfer* v. *Insurance Co., supra,* is that in the case cited plaintiff's first suit was dismissed before defendant refused to join in the arbitration, as would have been the fate of this suit had it gone to trial sooner.

It is suggested that plaintiff had no cause of action when he commenced his suit. This is an error. He had a cause of action and two remedies, by suit at law and by arbitration. If defendant did not plead arbitration, that defense would be waived, and plaintiff would go to judgment. On the other hand, if defendant did plead arbitration, the suit would abate. The defense of arbitration was one that could be waived by the parties, and if not pleaded it would be waived. There is a tendency to confuse a "cause of action"

with the "remedy." If A. sued B. on a promissory note which had run more than six years without payment it could not be said that A. had no cause of action. A. would have a cause of action, but it would abate if B. should choose to plead the statute. If he did not plead the statute A. would go to judgment. If it were true, as contended, that A. had no cause of action, then we would have a concrete instance of A. getting a judgment when he had no cause of action.

So, in the present case, plaintiff had a cause of action and two remedies, one of which would abate if defendant saw fit to plead arbitration. It did so plead, and if the case had gone to a hearing before defendant refused to join plaintiff in arbitration, its defense would have been complete, but before the case was on for hearing the conduct of defendant waived that defense, and then plaintiff was at liberty to go forward with his suit, the same as though the policy had contained no provision for arbitration. Defendant was in just as good position then to make its defense on the merits as though plaintiff had dismissed his suit and begun again. It would be a vain thing to dismiss plaintiff's suit for a reason that had ceased to exist, and drive him back to begin anew and travel over the same legal route. And in the event that the policy contained, as most of them do, a one-year limitation clause, his cause of action will be wholly lost to him. In discussing a similar situation, the Iowa court said:

"The old rule which required an action to be abated, merely because prematurely brought, has been borne down by the trend of modern decisions. Under the later decisions, if the plaintiff's cause of action is complete and mature before it comes to a hearing, he will ordinarily be permitted to try it out on its merits. If the action was prematurely brought, the court has full power to impose proper terms upon the plaintiff for the full protection of the defendant. The usual terms imposed are that plaintiff be required to pay

all costs incurred prior to the maturity of his cause of action.   If other terms ought in justice to be imposed, the court has plenary power in the matter. The rule is to submit a supplemental petition to be filed and allow the case to proceed;" citing authorities.   *Gribben* v. *Clement*, 141 Iowa, 144 (119 N. W. 596, 133 Am. St. Rep. 157).

2. A further claim is made by plaintiff that defendant was not demanding arbitration in good faith.   To support this there is testimony that following the tender of arbitration by plaintiff defendant asserted "that if the appraisal was had and was not satisfactory to the defendant it would not pay anything." If the jury believed this testimony they would have been justified in finding a waiver on the ground that defendant was not acting in good faith in demanding arbitration.

"A provision in a policy that in case of a difference between the insured and insurers as to the amount of the loss, that question shall be submitted to appraisers, and that no suit shall be commenced by the insured on the policy until he has complied with such provision, is inserted wholly for the protection of the insurer, and if he attempts to enforce it oppressively, or in bad faith, he must be deemed to have waived the benefit of it."   14 R. C. L. p. 1357.

See, also, *Uhrig* v. *Insurance Co.*, 101 N. Y. 362 (4 N. E. 745).

In the last case cited it was said:

"Under the arbitration clause, it was the duty of each party to act in good faith to accomplish the appraisement in the way provided in the policy, and if either party acted in bad faith so as to defeat the real object of the clause, it absolved the other party from compliance therewith; and if either party refused to go on with the arbitration, or to complete it, or to procure the appointment of an umpire, so that there could be an agreement upon an appraisal, the other party was absolved."

*Schrepfer* v. *Insurance Co., supra,* is interesting because of its similarity on the facts and discusses the same legal questions as are involved herein.

We are of the opinion that the trial court was right in submitting the question of waiver to the jury. The judgment should be affirmed.

MOORE and WIEST, JJ., concurred with BIRD, J.

CLARK, C. J. To hold that one may sue first and obtain his cause of action afterwards is to set aside a general rule of long standing in this State. *Hovey* v. *Sebring,* 24 Mich. 232 (9 Am. Rep. 122) ; *Moyer* v. *Scott,* 30 Mich. 345; and sustained by the weight of authority. 1 R. C. L. p. 340 ; 1 C. J. p. 1149. Arbitration not having been theretofore waived when plaintiff sued, he had no cause of action; his then only remedy was arbitration. *Baumgarth* v. *Insurance Co.,* 152 Mich. 479. This defense was pleaded. Evidence that plaintiff tendered arbitration after commencement of suit and was refused and that thereby a cause of action accrued was inadmissible. Negotiation between the parties after the suit was brought, by which plaintiff was misled in no way, looking to a settlement of the case, was not a waiver of the pleaded defense. 26 C. J. p. 429; *Goldstein* v. *Insurance Co.,* 106 Wash. 346 (180 Pac. 409) ; *Carp* v. *Insurance Co.,* 104 Mo. App. 502 (79 S. W. 757) ; *Gage* v. *Insurance Co.,* 34 Okla. 744 (127 Pac. 407). The law commends, it does not punish, efforts toward amicable settlements avoiding litigation. *Richards* v. *Insurance Co.,* 83 Mich. 508 (21 Am. St. Rep. 611). Verdict should have been directed for defendant.

Judgment reversed, with costs to defendant. New trial granted.

MCDONALD, SHARPE, STEERE, and FELLOWS, JJ., concurred with CLARK, C. J.